IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY KNAPP,

        Plaintiff,                        1: 08 CV 01779 AWI WMW PC

   vs.                               ORDER RE MOTIONS FOR
                                          INJUNCTIVE RELIEF (DOCS 6,7)

MATTHEW CATE, et al.,

        Defendants.

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pending before the court are Plaintiff's motions for a temporary restraining order and a preliminary injunction.

      Plaintiff is currently housed at the Sierra Conservation Center at Jamestown. The complaint in this action sets forth claims of First and Eighth Amendment violations, as well as claims under Title II of the Americans With Disabilities Act. Plaintiff's claims stem from the decision of correctional officials to revoke his single cell status and house Plaintiff with another inmate. Plaintiff contends that the decision to double cell him was made despite his diagnosis of Post Traumatic Stress Disorder. Plaintiff also alleges that prison officials have retaliated against him because of his mother's political activism.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc</u>., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc</u>., 454 U.S. 464, 471,(1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). By order issued April 13, 2009, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Thus, at this point in time, there is no case or controversy before the court, and the court has no jurisdiction to issue any preliminary injunctions.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for injunctive relief and a temporary restraining order are denied.

IT IS SO ORDERED.

**Dated:   May 1, 2009**                              **/s/  William M. Wunderlich**
                                                      UNITED STATES MAGISTRATE JUDGE