# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | CASE NO. 1:08-cv-01779-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| MATTHEW CATE, et al., | (Doc. 29) |
| Defendants. | |

Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at the Sierra Conservation Center ("SCC") in Jamestown, California. Plaintiff names 22 prison officials as defendants. For the reasons set forth below, Plaintiff's complaint is dismissed for failing to comply with Federal Rule of Civil Procedure 8.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.   Background**

    **A.   Procedural Background**

Plaintiff filed the original complaint in this action on November 20, 2008. (Doc. #1.) The Court screened Plaintiff's original complaint on April 13, 2009. (Doc. #14.) The Court found that Plaintiff's original complaint failed to state any cognizable claims and dismissed it, with leave to file an amended complaint within thirty (30) days. Plaintiff filed his first amended complaint on October 13, 2009. (Doc. #27.) The Court screened Plaintiff's first amended complaint on October 13, 2009. (Doc. #27.) The Court found that Plaintiff's first amended complaint stated some cognizable claims and ordered Plaintiff to either file an amended complaint that cured the non-cognizable claims, or notify the Court that he wished to proceed only on the claims found to be cognizable. Plaintiff filed his second amended complaint on November 3, 2009. (Doc. #29.) This action proceeds on Plaintiff's second amended complaint.

**B.  Factual Background**

Plaintiff claims that prison officials throughout the California Department of Corrections and Rehabilitation ("CDCR") have been retaliating against him for exercising his First Amendment right to free speech and to file grievances against the government.  The prison officials named in Plaintiff's complaint span the entire CDCR hierarchy, from officials working in the CDCR headquarters in Sacramento, to the wardens, counselors and medical staff working at the Sierra Convention Center where Plaintiff is being housed.

Plaintiff's complaint exhaustively describes his mother's involvement in various advocacy groups that lobby on behalf of prisoners.  Plaintiff's mother is the founder of the United for No Injustice, Oppression, Neglect ("UNION") organization which holds rallies, publishes articles, lobbies, and litigates on behalf of the rights of prisoners.  Plaintiff complains that prison officials retaliate against Plaintiff because of his mother's advocacy, thereby interfering with Plaintiff's mother's First Amendment rights.

Plaintiff has filed numerous reports and grievances about the harassment he has suffered to numerous officials within CDCR and the State of California, and has also filed numerous lawsuits against CDCR officials for the infringement of his rights.  Plaintiff claims that he and his mother are well known among CDCR officials because of their activities.  As a result, Plaintiff alleges that officials throughout CDCR have engaged in a relentless campaign of harassment in retaliation against Plaintiff's outspoken nature.

Plaintiff also claims that prison officials have interfered with Plaintiff's medical care, repeatedly transferred Plaintiff to different prisons to keep him separated from his personal and legal property, interfered with his incoming and outgoing mail, and refused to properly process his administrative complaints.  Plaintiff also complains that he was denied single cell housing.

**III.  Discussion**

Federal Rule of Civil Procedure 8(a) requires Plaintiff to set forth his claims in a "short and plain statement."  Plaintiff's complaint is neither short nor plain.  Since the commencement of this action, Plaintiff has amended his complaint twice, with each amendment drastically increasing the length of his complaint.  Plaintiff's original complaint was approximately 26 pages long, plus more

than 60 pages of exhibits. Plaintiff's first amended complaint omitted the exhibits, but the complaint itself expanded to 63 pages of mostly double spaced text. Plaintiff's second amended complaint has ballooned to 66 pages of mostly single-spaced text. Had Plaintiff complied with the Court's double spacing requirement, see Local Rule 130(c), Plaintiff's second amended complaint would span more than 100 pages of text. Put simply, Plaintiff's complaint is too long in light of the types of claims that he is raising.

### A. **Plaintiff's Complaint**

Plaintiff's complaint is not written in a "plain" manner; it is overly verbose in some instances, contributing to its excessive length. For example, Plaintiff provides unnecessarily verbose and long-winded descriptions for each Defendant. The section describing the parties spans eight dense pages and the descriptions of each Defendant do not contain enough relevant or substantive information to justify their length. The body of Plaintiff's complaint is similarly lengthy. Plaintiff devotes three pages to describing, in extensive detail, the dates, times, and places for all of his mother's UNION, despite the fact that these facts are only tangentially related to Plaintiff's claims. Plaintiff provides extensive details for his entire litigation history over a dense four pages of text, when a short paragraph summarizing those events would have sufficed. It is unnecessary to describe these events in such extensive detail. Plaintiff also provides a detailed description of events that occurred between 1994-2008 – before he was transferred to SCC. It is unclear how these events are relevant to Plaintiff's claims against officials at SCC. It is also unclear whether Plaintiff is attempting to sue the CDCR Defendants working in Sacramento over these events, as Plaintiff does not set forth his causes of action in a clear manner.

Despite Plaintiff's long-winded descriptions of his mother's political activities and his own litigation history, Plaintiff provides scant detail for the facts that are directly relevant to his claims. For example, Plaintiff complains that he was forced to live in a cell with poor air flow and ventilation. Plaintiff alleges that Defendants Pate, Koenig, Esquer, Rawlinson, Semsen, Chavez, Clay, Grannis and Cate allowed CDCR personnel "to let a falsified and otherwise inaccurate be[sic] generated and maintained against him by CDCR personnel at SCC." (Second Am. Compl. 28.) It is unclear what was generated, as Plaintiff omitted that critical detail from his allegation. Nor is

there any explanation as to how it was falsified or otherwise inaccurate. Further, it is unclear how these Defendants "allowed" CDCR personnel to generate the alleged false or inaccurate matter.

Further, to the extent that Plaintiff is attempting to sue high-ranking CDCR officials for retaliation against Plaintiff's First Amendment rights, Plaintiff must provide more facts than merely alleging that he engaged in protected conduct by mailing numerous letters and grievances to these officials who ignored them and allowed subordinate prison officials to continue to deny Plaintiff's accommodation requests and otherwise harass Plaintiff. The Court is cognizant of the fact that CDCR officials such as Defendant Cate oversee the entire California prison system, which houses thousands of inmates. It is simply not plausible to infer that such officials acted with retaliatory intent when they receive a single letter from an individual prisoner and fails to act on it. Plaintiff must allege more facts to support an inference of retaliatory intent in order to state a claim under such high ranking state officials.

The Court also notes that Plaintiff's complaint is not organized in any logical manner. Plaintiff subdivides his complaint into three "claims," with the second and third claims subdivided into multiple "counts." The titles for Plaintiff's claims are confusing. For example, "Claim 1" is titled:

> THE CDCR HAS FOSTERED AND MAINTAINED AN UNCONSTITUTIONAL CUSTOM AND POLICY OF CAUSING AND ALLOWING CDCR PERSONNEL TO PERPETRATE AN ONGOING CAMPAIGN OF CONTINUOUS RETALIATION, DELIBERATE INDIFFERENCE, OPPRESSION, AND ABUSE AGAINST PLAINTIFF TO PUNISH AND CHILL PLAINTIFF'S AND HIS MOTHER'S LAWFUL EXERCISE OF FIRST AMENDMENT RIGHTS FOR NO VALID REASON SERVING ANY LEGITIMATE PENOLOGICAL PURPOSE.

(Second Am. Compl. 14, ECF No. 29.) All three claims appear to reference retaliation. It is unclear whether Plaintiff is also attempting to raise a claim under the Eighth Amendment, Fourteenth Amendment, or Americans with Disabilities Act. Further, the Court is unable to comprehend the significance of the separate "counts" under the second and third claims. Despite the fact that the Court has twice provided Plaintiff with the specific legal standards and elements for stating claims under Section 1983 for the violation of Plaintiff's constitutional rights, Plaintiff fails to incorporate the correct legal standards in his complaint. Plaintiff continues to set forth his "claims" in a

confusing and illogical manner and that fails to clearly express the basis for his claims.

### B.     Guidelines and Requirements for Filing Amended Complaint

The Court will grant Plaintiff one final opportunity to amend his complaint. After reading the second amended complaint, the Court has determined that Plaintiff needs no more than 25 pages to set forth his claims in a short and plain manner. Therefore, the Court will impose a 25-page limit on Plaintiff's third amended complaint. If Plaintiff attempts to file an amended complaint longer than 25 pages, it will be stricken from the record. Plaintiff's amended complaint must also be double-spaced, as required by Local Rule 130. Further, Plaintiff may not circumvent the length requirement by using a smaller font size or eliminating margins. The formatting of Plaintiff's amended complaint must be reasonably similar to the formatting of this order: 28 double-spaced lines written in 12-point font on 8.5 x 11- inch paper. The Court will allow modest deviations from these standard formatting requirements to accommodate the document drafting resources, or lack thereof, at Plaintiff's disposal. However, any significant deviation will result in the amended complaint being stricken.

The Court will also provide Plaintiff with specific guidance on how to set forth his claims. First, Plaintiff is advised to provide a short, straightforward summary of the facts that are directly relevant to his claims. Plaintiff is specially cautioned not to provide long-winded descriptions of his litigation history, his mother's history for advocating on behalf of prisoners, or his experiences at other prisons before he was transferred to SCC. Plaintiff's facts must focus on the time that Plaintiff was at SCC and must focus on what each named Defendant did that violated Plaintiff's constitutional rights. Plaintiff must provide more than vague allegations that Defendants "allowed" prison officials to act in a certain manner.

Second, Plaintiff must describe his claims in a straightforward and logical manner. Plaintiff is advised to incorporate the legal standards provided by the Court, as the Court does not understand Plaintiff's lengthy description of his claims. Plaintiff must set forth each claim against each individual Defendant separately.  Each separate claim should identify one right that was violated, and one Defendant who violated that right. For example, Plaintiff should label his separate claims as a "Retaliation Claim Against Defendant Cate," "Eighth Amendment Claim Against Defendant

Grannis," or "ADA Claim Against Defendant Hammond." Each claim should have a single cause of action against a single defendant. Under each individual claim, Plaintiff should provide a straightforward statement that describes what that Defendant did and how those actions violated the right at issue.

Plaintiff <u>may not</u> combine multiple causes of action and multiple Defendants in a single lengthy and confusing "claim." A single "claim" against every Defendant that references First Amendment retaliation and deliberate indifference is too convoluted to comprehend as it is unclear whether the claim is a First Amendment claim for retaliation or an Eighth Amendment claim for deliberate indifference. Nor is it clear which Defendants are associated with the claim or what conduct Plaintiff is tying to the alleged violation of his rights. The Court cannot parse such a claim and intelligently analyze its merits if it raises multiple causes of action against multiple defendants. Plaintiff should also avoid subdividing his claims into individual "counts," as the Court does not understand what Plaintiff is attempting to convey with his separate "counts."

Finally, Plaintiff is advised to incorporate the legal standards provided in the Court's October 13, 2009 screening order. For example, the screening order informed Plaintiff that a First Amendment retaliation claim entails five basic elements. Under each separate claim for retaliation, Plaintiff must describe how all five elements are satisfied. Plaintiff must describe and identify 1) the adverse action that the Defendant took against Plaintiff, 2) the facts that suggest that the Defendant's adverse action was taken because of Plaintiff's First Amendment activity, 3) the protected First Amendment activity that Plaintiff was engaged in, 4) how the adverse action chilled Plaintiff's exercise of his First Amendment rights, and 5) how the adverse action failed to advance a legitimate correctional goal.

### C. Claims Arising After November 20, 2008

The Court explicitly ordered Plaintiff not to add any new or unrelated claims to this action after it screened Plaintiff's original complaint. The Court noted that the PLRA requires a claim to be administratively exhausted prior to filing suit and such exhaustion must occur before filing suit; it cannot occur during the course of litigation. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002). Defendants may have violated Plaintiff's rights after Plaintiff initiated this action on

November 20, 2008. However, Plaintiff's attempts to litigate claims based on post-November 20, 2008 events in this lawsuit would most likely be futile because they would be subject to a motion to dismiss. It is unclear how Plaintiff could defeat a motion to dismiss when Defendants can easily demonstrate that Plaintiff could not have properly exhausted his administrative remedies prior to filing suit for claims based on events that occurred after Plaintiff filed suit. Thus, the Court will limit the scope of this litigation to events that occurred before November 20, 2008. Plaintiff must bring any claims premised on post-November 20, 2008 events in a separate lawsuit. Plaintiff's amended complaint may not refer to events that occurred after November 20, 2008. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (court may deny request to amend if amendment would be futile).

## IV.  Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it fails to comply with Federal Rule of Civil Procedure 8 and the Local Rules. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading. Fed. R. Civ. P. 8(a). In other words, it is not necessary to submit evidence to prove the allegations in Plaintiff's complaint because

1  Plaintiff's factual allegations will be accepted as true at this stage.

2  Although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8 and the Local Rules;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff's amended complaint may not be longer than 25 pages;
5. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

6. If Plaintiff fails to file an amended complaint, the Court may dismiss this action for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   **September 7, 2010**                             /s/ Sheila K. Oberto
                                                           UNITED STATES MAGISTRATE JUDGE