1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ERIC CHARLES RODNEY KNAPP,        CASE NO. 1:08-cv-01779-SKO PC

10            Plaintiff,              ORDER  DENYING  MOTION  FOR
                                      TEMPORARY RESTRAINING ORDER
11     v.
                                      (Doc. 38)
12 MATTHEW CATE, et al.,

13            Defendants.
   _____/

14

15        Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and

16 in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 1, 2010,

17 Plaintiff filed a motion for a temporary restraining order.  (Doc. #38.) On October 20, 2010, Plaintiff

18 filed an "Emergency Supplement in Addendum to Plaintiff's 10/29/10 Notice of Motion and Motion

19 for a Temporary Restraining Order, a Preliminary Injunction, and a Shortening of Time for the Court

20 to Rule Thereon."  (Doc. #39.)  Although the motion states that it is an "addendum" to a 10/29/10

21 motion, it appears to be an addendum to the October 1, 2010 motion.

22        Plaintiff has consented to jurisdiction by U.S. Magistrate Judge.  (Doc. #5.)

23 **I.    Plaintiff's Motion**

24        Plaintiff's motion seeks a temporary restraining order to prohibit the defendants in this action

25 ("Defendants") from "1. double-celling Plaintiff; 2. housing Plaintiff in a dorm or other non cell

26 setting; 3. transferring Plaintiff to another prison, especially one farther away from his physically

27 disabled mom and his other visitors who live in the Sacramento area; [or] 4. further causing and/or

28 allowing Plaintiff to suffer retaliation, deliberate indifference, oppression, and abuse."  (Notice of

Mot. and Mot. for a TRO, a Prelim. Inj., and a Shortening of Time for the Court to Rule Hereon 14:5-11, ECF No. 38.)  Plaintiff argues that a temporary restraining order is necessary to protect him from future injury and irreparable harm.

Plaintiff alleges that he suffers from mental and physical disabilities that interfere with his ability to live with another prisoner in the same cell or to interact with other prisoners outside his cell.  Specifically, Plaintiff contends that he suffers from post-traumatic stress disorder caused by incidents where Plaintiff was tormented by other prisoners.  (Am. Compl. ¶¶ 23-28, ECF No. 37.) Plaintiff claims that Defendants are attempting to double-cell Plaintiff or transfer Plaintiff to another prison in deliberate disregard to the risks to Plaintiff's physical and emotional health and safety. Plaintiff further claims that Defendants are attempting to double-cell or transfer Plaintiff in retaliation against Plaintiff's litigious behavior.  Plaintiff also contends that his mother is well known for advocating for prisoners' rights and Defendants are endangering Plaintiff's health and safety in retaliation against his mother's actions.

Plaintiff contends that on September 22, 2010, Defendants Chavez, Otto, Koenig, and Hannah informed Plaintiff that he would be transferred to a dorm-only, non cell prison far away from Sacramento, California.  Plaintiff also alleges that Defendant Koenig informed Plaintiff that he would be double-celled on September 29, 2010.  The addendum to Plaintiff's motion indicates that Plaintiff has been "forcibly double-celled with a 300-pound other prisoner who has a history of serious mental illness, violent acts toward other prisoners, drug abuse, and multiple other problems" on September 29, 2010.  (Emergency Supplement in Addendum to Plaintiff's 10/29/10 Notice of Mot. and Mot. for a TRO, a Prelim. Inj., and a Shortening of Time for the Court to Rule Thereon 2:5-9, ECF No. 39.)  Plaintiff claims that he suffered from severe mental anguish and planned on taking his own life as a result of the double-celling.  The next day, after attending an Interdisciplinary Treatment Team hearing and speaking with Defendant Chavez, Plaintiff was placed on suicide watch in the Observation Housing Unit.  On October 1, 2010, a doctor arranged for Plaintiff to be transferred to the Mental Health Crisis Bed Unit at San Quentin State Prison until October 12, 2010.

Plaintiff returned to the Sierra Conservation Center on October 12, 2010, and was placed in the Observation Housing Unit.  Although the doctors and San Quentin State Prison strongly

1  recommended single-cell status for Plaintiff, Plaintiff was told that he would be double-celled.

2  Plaintiff claims that he has been double-celled since October 13, 2010.

3  **II.   Discussion**

4          Plaintiff seeks a temporary restraining order pursuant to Federal Rule of Civil Procedure

5  65(b).  Defendants have not been served and have not otherwise made an appearance in this action.

6  Thus, in order to obtain a temporary restraining order, Plaintiff must "show that immediate and

7  irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

8  in opposition."  Federal Rule of Civil Procedure 65(b)(1)(A).

9          The purpose of a temporary restraining order or a preliminary injunction is to preserve the

10  status quo if the balance of equities so heavily favors the moving party that justice requires the court

11  to intervene to secure the positions until the merits of the action are ultimately determined.

12  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary

13  injunction [or temporary restraining order] must establish that he is likely to succeed on the merits,

14  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

15  equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural

16  Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

17          "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

18  granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v.

19  Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A

20  party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that

21  motion is unsupported by evidence.  With respect to motions for preliminary injunctive relief or a

22  temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

23                  [i]n any civil action with respect to prison conditions, to the extent
                    otherwise authorized by law, the court may enter a temporary
24                  restraining order or an order for preliminary injunctive relief.
                    Preliminary injunctive relief must be narrowly drawn, extend no
25                  further than necessary to correct the harm the court finds requires
                    preliminary relief, and be the least intrusive means necessary to
26                  correct that harm.

27  18 U.S.C. § 3626(a)(2).

28  ///

3

The Court finds that Plaintiff has not met the extraordinary burden of persuasion necessary to obtain a temporary restraining order.  Plaintiff has attached a large number of documents to his motion as evidence.  However, Plaintiff has only provided his own declarations and statements in documents that were written by him in support of his contention that he will suffer irreparable harm. Plaintiff has not submitted any declarations, affidavits, or documents from a doctor or any other third party that adequately support the contention that Plaintiff will suffer irreparable physical or emotional harm if he is double-celled or transferred.  Plaintiff's contention that other doctors have recommended him for single-cell status is supported only by Plaintiff's hearsay evidence since Plaintiff has not submitted any declarations or affidavits directly from those doctors in support of his motion.

The Court notes that Plaintiff's declarations have some evidentiary value because Plaintiff has insight as to his own state of mind as well as personal knowledge of the risks to his own health and safety.  However, a temporary restraining order is an extraordinary remedy and requires a clear showing that Plaintiff is entitled to relief.  The Court finds that Plaintiff's own declarations are not sufficient to carry the heavy evidentiary burden necessary to obtain a temporary restraining order.

**III.   Conclusion and Order**

The Court reiterates the fact that a temporary restraining order is an extraordinary and drastic remedy that cannot be granted unless there is a clear showing that the movant is entitled to relief. The Court will not grant the extraordinary relief requested by Plaintiff based on the evidence presented to the Court.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for a temporary restraining order is DENIED.

IT IS SO ORDERED.

**Dated:     October 25, 2010                        /s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE