# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01779-SKO PC<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION<br><br>(Doc. 44) |

Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 4, 2011, Plaintiff filed a motion requesting reconsideration and leave to file an amended complaint. (Doc. #44.)

Federal Rule of Civil Procedure 60 governs the reconsideration or relief from a final judgment, order or proceeding. Under Rule 60(b), the Court may relieve a party from a final judgment, order, or proceeding on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . or (6) any other reason that justifies relief." Federal Rule of Civil Procedure 60(b)(1)-(6). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). When requesting reconsideration, Local Rule 230(j) requires a party to show "new or different facts or circumstances

1

claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff seeks reconsideration of the Court's September 8, 2010, order dismissing Plaintiff's second amended complaint. (Doc. #33.) The Court's order informed Plaintiff that he cannot attempt to litigate claims based on incidents that occurred after this lawsuit was initiated because those claims would likely be subject to dismissal because the claims would not have been exhausted at the time Plaintiff initiated this lawsuit. A subsequent decision from the Ninth Circuit has rendered that reasoning flawed. In Rhodes v. Robinson, 621 F.3d 1002, 1007 (9th Cir. 2010), the Ninth Circuit held that a prisoner may file a supplemental complaint alleging new and newly exhausted claims even if the claims were not exhausted when the original complaint was filed.

Accordingly, the Court finds that Plaintiff is entitled to reconsideration and will permit Plaintiff to file an amended complaint alleging new and newly exhausted claims that occurred after November 20, 2008. The September 8, 2010, order is valid in all other respects. The Court will provide Plaintiff with 60 days leave to file an amended complaint.[1]

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration is GRANTED and Plaintiff is granted sixty (60) days from the date of service of this action to file an amended complaint.

IT IS SO ORDERED.

**Dated:   February 11, 2011**            /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] In an order issued concurrently with this order, the Court will appoint counsel for Plaintiff for the limited purposes of assisting Plaintiff with the preparation of the amended complaint and a motion for a temporary restraining order.