1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ERIC CHARLES RODNEY KNAPP,            CASE NO. 1:08-cv-01779-SMS PC

10                          Plaintiff,   ORDER GRANTING MOTION TO
                                         WITHDRAW AS COUNSEL FOR PLAINTIFF
11         v.                            KNAPP

12  MATTHEW CATE, et al.,                (ECF No. 56, 57)

13                          Defendants.
                                      /
14

15         Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and

16  in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on

17  November 20, 2008.  On April 18, 2011, an order was issued appointing Maurice M. Javier as

18  counsel for the limited purpose of providing Plaintiff with assistance to present his argument for a

19  temporary restraining order and, if appropriate, drafting and filing an amended complaint. (ECF No.

20  51.)

21         On July 7, 2011, Plaintiff's counsel filed a motion seeking to withdraw as counsel for

22  Plaintiff due to a breakdown in the attorney-client relationship.  (ECF No. 56.)  Plaintiff filed a

23  response on July 14, 2011, asserting that the withdrawal is appropriate based upon the circumstances

24  and events present.  (ECF No. 57.)

25         Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of

26  California and the Local Rules of the United States District Court, Eastern District of California.

27  See Local Rule 182.  The withdrawal of representation is permitted under the Rules of Professional

28  Conduct if "[t]he client knowingly and freely assents to termination of the employment. . . .."  Cal.

1

1  R.P.C. 3-700(C)(5).  Local Rule 182 provides that "an attorney who has appeared may not withdraw

2  leaving the client in propria persona without leave of court upon noticed motion and notice to the

3  client and all other parties who have appeared."

4         The decision to grant withdrawal is within the discretion of the Court and leave "may be

5  granted subject to such appropriate conditions as the Court deems fit."  Local Rule 182(d); see also

6  Canandaigua Wine Co., Inc. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141,

7  at *1 (E.D.Cal. January 14, 2009).  In deciding whether good cause exists to allow an attorney to

8  withdraw, courts have considered "1) the reasons why withdrawal is sought; 2) the prejudice

9  withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration

10 of justice; and 4) the degree to which withdrawal will delay the resolution of the case."  Id. at *1.

11        In his declaration defense counsel states that Plaintiff has doubts about counsel's ability to

12 represent him and desires an attorney with more experience and knowledge in civil rights litigation.

13 Based upon Plaintiff's expectations counsel is unwilling to proceed as his attorney.  In his response

14 Plaintiff states that after meeting with defense counsel he was very concerned about having Mr.

15 Javier represent him and does not oppose the motion.  This action is in the screening stage and no

16 other litigants have appeared.  The Court finds good cause exists to grant defense counsel's motion

17 to withdraw as counsel for Plaintiff.

18        Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that Maurice

19 M. Javier's motion to withdraw as counsel for Plaintiff, filed on July 6, 2011, is GRANTED.

20

21 IT IS SO ORDERED.

22 **Dated:   July 26, 2011**                           **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28