# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | CASE NO. 1:08-cv-01779-SMS PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | (ECF No. 37) |
| MATTHEW CATE, et al., | |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR MAGISTRATE JUDGE TO PROMPTLY ACKNOWLEDGE AND COMPREHENSIVELY REMEDY ONGOING AND THREATENED PERSONAL INJURY |
| | (ECF Nos. 42, 50) |
| | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT |
| / | (ECF No. 58) |

**I.     Procedural History**

Plaintiff Eric Charles Rodney Knapp ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (the Americans with Disabilities Act (ADA)), and 29 U.S.C.§ 794 (Rehabilitation Act (RA)) on November 20, 2008. On April 13, 2009, an order issued dismissing Plaintiff's complaint with leave to amend for failure to state a claim. (ECF No. 14.) Plaintiff filed a motion for reconsideration on April 27, 2009, that was denied on June 16, 2009. (ECF Nos. 13. 22.) Plaintiff filed a second motion for reconsideration on June 30, 2009, which was denied on October 13, 2009. (ECF Nos.

23, 26.)

A first amended complaint was filed on July 30, 2009. (ECF No. 25.) On October 13, 2009, on order issued requiring Plaintiff to either file an amended complaint or notify the court of his willingness to proceed on only the claims found to be cognizable in the first amended complaint. (ECF No. 27.) Plaintiff filed a second amended complaint on November 3, 2009. (ECF No. 29.) On September 8, 2010, Plaintiff's second amended complaint was dismissed for failure to comply with Rule 8. (ECF No. 33.) Plaintiff filed a third amended complaint on September 29, 2010. (ECF No. 37.) On February 14, 2011, the Court appointed an attorney for Plaintiff and on March 16, 2011, the attorney filed a motion to withdraw. (ECF Nos. 46, 47.) A second attorney was appointed for Plaintiff on April 18, 2011. (ECF No. 51.) On July 27, 2011, the Court granted counsels' motion to withdraw as attorney of record. (ECF Nos. 56, 59.)

Currently pending before the Court are Plaintiff's third amended complaint, filed September 29, 2010; motion for a preliminary injunction, filed December 17, 2010; motion for Magistrate Judge to promptly acknowledge threat of personal harm, filed March 31, 2011; and motion for thirty day extension of time to file pleading. (ECF Nos. 37, 42, 50, 58.)

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**III.    Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at the Sierra Conservation Center ("SCC"). Plaintiff brings this action against Defendants CDCR; Matthew L. Cate, Secretary of CDCR; Ivan D. Clay, Warden of SCC; Frank X. Chavez, Chief Deputy Warden of SSC; P. T. Rawlinson, Associate Warden of SCC; Facility Captains C. Koenig and D. E. Gibb; M. Pate, Correctional Captain at SCC; Russell Otto Psychologist and Chief of the Mental Health Department at SSC; Psychologists Michael Backlund and K. Robertson; Nola Grannis, Chief of Inmate Appeals; Walt Semsen, Correctional Counselor and Inmate Appeals Coordinator at SCC; T. Esquer, Correctional Counselor and Acting Inmate Appeals Coordinator at SCC; Marsha Lyons, Office Secretary; and S. M. Hannah, Correctional Counselor; in their individual and official capacities. (Third Amend. Compl. 2:14-4:15; 14:26-28, ECF No. 37.)

In March of 1996, Plaintiff was diagnosed as suffering post traumatic stress disorder ("PTSD"), depression, and other stress and anxiety related mental ailments. (Id. at 5:18-20.) Plaintiff's PTSD makes it difficult for him to perform major life activities; such as sleeping, dressing, showering, using the toilet, relaxing, concentrating, reading, writing, praying, meditating, or feeling safe and secure; when he is forced to be celled with another inmate. (Id. at 5:25-6:4.) Plaintiff also suffers from physical injuries making it painful and embarrassing for him to defecate.

3

1  (Id. at 6:5-9.) Plaintiff alleges that his mental and physical conditions are disabilities with the ADA
2  and handicaps within the RA because they substantially limit his ability to perform major life
3  activities. (Id. at 6:10-13.) Plaintiff's mother has become well known by CDCR employees for her
4  political activism regarding treatment of Plaintiff and other prisoners. (Id. at 7:1-8.) Plaintiff has
5  filed numerous grievances and complaints against prison officials. (Id. at 7:32-11:20.) When
6  required to double cell in the past Plaintiff has become suicidal. (Id. at 10:14-17.)

7  After Plaintiff arrived at SSC on July 31, 2008, prison officials, including Defendants Clay,
8  Chavez, Hannah, Rawlinson, Koenig, Gibb, Pate, Otto, Backlund, and Robertson read through
9  Plaintiff's permanent prison records and determined to retaliate against him for his and his mother's
10 past exercise of his First Amendment rights. (Id. at 11:23; 12:1-7.) On August 12, 2008, Plaintiff
11 filed a formal grievance regarding mailroom staff improperly withholding mail from his mother. (Id.
12 at 12:12-13.)

13 On August 13, 2008, Plaintiff attended a classification hearing with Defendants Koenig, Pate,
14 Otto, Backlund, and Robertson in which he was informed that inmates are not single celled at SSC.
15 Plaintiff was forced to relive deeply painful traumas by recanting the mistreatment he has suffered
16 since being incarcerated on March 17, 1994. Plaintiff was informed that PTSD did not qualify him
17 for single cell status and is not a recognized disability under the ADA, is not a reasonable and
18 necessary accommodation of PTSD, trauma he described was not documented in his permanent
19 prison records, and that if he wanted single cell status he would have to be transferred to a cell
20 farther away from his disabled mother. (Id. at 12:18-13:6.)

21 After the hearing, Plaintiff alleges that Defendants Koenig and Pate generated a CDC 128-G
22 form containing false and inaccurate statements. (Id. at 13:7-12.) On August 19, 2008, Plaintiff
23 reported what had occurred during the August 13, 2008 hearing directly to Defendants Cate and
24 Clay, but they did not respond or acknowledge Plaintiff's complaint. (Id. 13:13-15.) Plaintiff filed
25 a grievance on August 24, 2008, regarding inadequate airflow and on September 10, 2008, regarding
26 the false and inaccurate CDC 128-G form. (Id. at 13:16-19.) Defendants Lyons, Esquer, and
27 Grannis rejected Plaintiff's grievances on false procedural grounds. (Id. at 13:20-23.) Defendants
28 Pate, Rawlinson, Semsen, and Chavez adjudicated Plaintiff's grievance and ratified the violations

1    of Plaintiff's rights. (Id. at 13:24-28.)

2        On September 18, 2008, Plaintiff filed a grievance and also notified Defendant Cate that his
3    grievances were rejected on false procedural grounds and Defendants Pate, Rawlinson, Semsen, and
4    Chavez ratified the violations of Plaintiff's rights. (Id. at 14:1-5.) Defendants Lyons and Esquer
5    rejected his grievance on false procedural grounds. (Id. at 14:6-11.) On September 25, 2008,
6    Plaintiff filed a grievance regarding the rejection of his prior grievances by Defendants Esquer and
7    Lyons. (Id. at 14:12-14.) On October 20, 2008, Plaintiff filed a grievance regarding mailroom staff
8    withholding his mail. (Id. at 14:15-17.)

9        On November 9, 2008, Plaintiff filed a grievance regarding CDCR officials ignoring his prior
10   requests for access to public records. (Id. at 14:18-19.) On November 12, 2008, Plaintiff's mother
11   complained to Defendants Cate and Clay about the hearing on August 13, 2008, that his grievances
12   were being rejected. (Id. at 14:20-23.) A Institutional Classification Hearing was held on November
13   13, 2008, in which Defendants Clay, Gibb, Otto, and Hannah participated. (Id. at 14:24-26.)
14   Plaintiff was told that his single cell status had been revoked and he would be double celled. (Id. at
15   15:1-16.) Plaintiff filed an emergency appeal on November 16, 2008, that was fraudulently rejected
16   by Defendants Lyons and Semson. (Id. at 15:20-25.)

17       Plaintiff alleges that Defendants' treatment of Plaintiff from July 31, 2008 through November
18   16, 2008, was not in furtherance of a legitimate penological objective, but was in furtherance of an
19   on-going campaign of retaliation, deliberate indifference, oppression, and abuse. (Id. at 15:26-16:1.)

20       Plaintiff brings five causes of action: 1) discrimination in violation of the ADA and RA by
21   defendants failing to consistently grant him single cell housing as a reasonable and necessary
22   accommodation for his known mental and physical illness, (id. at 16:11-17:8); 2) retaliation in
23   violation of the ADA, (id. at 17:9-18:17); 3) retaliation in violation of the First Amendment, (id. at
24   18:18-19:19); 4) cruel and unusual punishment in violation of the Eighth Amendment, (id. at 19:20-
25   21:19); and 5) deprivation of liberty without due process of law, (id. at 21:20-23:4.) Plaintiff is
26   seeking a temporary restraining order and preliminary injunction prohibiting Defendants from double
27   celling him or transferring him during the pendency of this action and requiring that he be single
28   celled from institution to institution, compensatory and punitive damage, and attorney fees and costs.

(Id. at 23:11-23.)

## IV. Discussion

### A. Americans With Disabilities Act and Rehabilitation Act

#### 1. Discrimination

Plaintiff's claims that he was discriminated against in violation of the ADA and RA fail to state a cognizable claim. Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") "prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was "excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (3) such exclusion or discrimination, or denial of benefits was because of his disability." Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1021 (9th Cir. 2010)(citations omitted).

"To state a claim under the Rehabilitation Act, a plaintiff must allege '(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance.'" O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1060 (9th Cir. 2007).

Plaintiff does not allege that he is being denied participation in or the benefits of any services, programs, or activities, but is being denied the accommodation he seeks, single cell status. Although Plaintiff alleges that his rights under the ADA and RA were violated, his factual allegations relate exclusively to the denial of single cell status in retaliation for the exercise of his First Amendment rights and not to any intentional discrimination against him based on a qualifying disability. For these reasons Plaintiff has failed to state a cognizable claim.

#### 2. Retaliation

Plaintiff has failed to state a cognizable claim for retaliation under the ADA. The ADA provides that an individual cannot be retaliated against because he has "opposed any act or practice made unlawful" by the ADA or "made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing" under the ADA. 42 U.S.C. § 12203(a). Initially, Plaintiff's

attempts to allege discrimination for his mother's protected activity fails. Plaintiff may not bring a suit for the violation of another person's rights. In order to state a claim Plaintiff must allege that he is being retaliated against for his activities.

Plaintiff alleges that he is being retaliated against for filing grievances and lawsuits for violations of the ADA. Plaintiff alleges that he is being subjected to adverse action, denial of single cell status and failure to process his grievances, due to this activity. Even if Defendants are aware of Plaintiff's litigious nature and the substance of his complaints, the third amended complaint fails to set forth factual allegations to state a plausible claim that Defendants are acting because of this activity. Iqbal, 129 S. Ct. at 1949-50.

At the hearing on August 13, 2008, Plaintiff states that he was told that inmates are not single celled at SSC and if he wanted to be single celled he would have to be transferred to another institution. (Third Amend. Compl. 12:18-13:6.) Plaintiff claims that his grievances were denied on "falsely proffered grounds as a pretext to covering up the unwillingness of CDCR officials to address and resolve the issues presented." (Id. at 13:20-23; 14:6-9; 15:20-23.) Although Plaintiff alleges that the denial of his grievances were in retaliation for asserting his rights under the ADA, they were returned because they were pre-mature and did not meet the requirements of an emergency appeal. (Compl. 81-82, ECF No. 1.) Plaintiff has set forth no factual allegations to support his claim that his grievances were rejected due to his litigious activity. The third amend complaint sets forth Plaintiff's speculation that each time his request is denied it is due to his litigiousness, such mere conclusory statements are insufficient to state a cognizable claim. Iqbal, 129 S. Ct. at 1949.

**B.     First Amendment Retaliation**

Plaintiff fails to state a retaliation claim under the First Amendment for the same reason his ADA retaliation claim fails. Plaintiff has not set forth factual allegations sufficient to allege that adverse action was taken against him because of his protected conduct. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

**C.     Eighth Amendment**

   **1.     Legal Standard**

Liability under section 1983 exists where a defendant "acting under the color of law" has

deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152.

### 2. Single Cell

The denial of single cell status by itself does not rise to the level of an Eighth Amendment violation. See Rhodes v. Chapman, 452 U.S. 337 (1981). Plaintiff alleges that, due to his mental health and physical injuries, the refusal to provide him with a single cell is cruel and unusual punishment. In order to state a cognizable claim Plaintiff must set forth allegations of deliberate indifference sufficient to show "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

Plaintiff's allegations that Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, and Otto were present at a hearing regarding his housing status, were aware of Plaintiff's serious mental health and medical issues, and refused to house him in a single cell; and Defendants Semsen, Lyons, and Esquer received Plaintiff's grievances and appeals regarding the denial of single cell status and failed to grant his requests are sufficient to state a cognizable claim under the Eighth Amendment.

Plaintiff's allegations that he sent reports and his mother complained to Defendants Cate and Clay, which were not responded to, are insufficient to establish that Defendants Cate and Clay were

8

aware of a substantial risk of harm to Plaintiff and fail to state a claim.

### 3. Verbal Abuse/Harassment

Verbal harassment does not constitute a violation of the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987). A verbal threat does not state a cause of action under the Eighth Amendment. Gaut v. Sunn, 810 F.2d 923, 925 (9th 1987). Plaintiff's allegations that Defendants subjected him to mental anguish and emotional distress by statements made during the hearings do not rise to the level of a constitutional violation.

### 4. Failure to Protect

Plaintiff alleges that Defendant Cate failed to protect him from the acts of prison officials. While prison officials are required "to take reasonable steps to protect inmates" from harm, Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)), Plaintiff's complaint fails to state a plausible claim that Defendant Cate was aware of a risk of harm to Plaintiff and acted with deliberate indifference to Plaintiff's health or safety." Thomas, 611 F.3d at 1150.

Nor does Plaintiff's complaint contain factual allegations sufficient to show that Defendant Clay was aware that Plaintiff was in danger of harm from any official at the prison, or that Plaintiff suffered any harm from any act or failure to act on the part of Defendant Clay. Plaintiff has failed to state a cognizable claim for failure to protect.

### 5. False Reports

While Plaintiff alleges that Defendants Koenig and Pate generated a CDC form containing false and misleading statements, the complaint fails to contain facts to show that these reports placed Plaintiff at a significant risk of any harm or that they were adversely used against him. The filing of a false report in and of itself cannot be characterized as the denial of "the minimal civilized measure of life's necessities" and Plaintiff has failed to show any harm that resulted from the reports. Hudson v. McMillian, 503 U.S. 1, 9 (1992) Plaintiff fails to state a cognizable claim under the Eighth Amendment for the false reports, the hearing on his grievance, or the denial of his grievance.

///

**D.     Due Process**

    **1.     Legal Standard**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

Plaintiff has not identified a liberty interest that exists and has failed to state a cognizable due process claim.

    **a.     Single Cell**

Double celling of inmates does not "impose atypical and significant hardship in relation to the ordinary incidents of prison life," Keenan, 83 F.3d at 1088, and the constitution does not grant a liberty interest in being confined in a single cell. Nor has California created such an interest as prisoners are expected to double cell pursuant to CDCR policy. Cal. Code. Regs., tit. 15 § 3269.

    **b.     False Reports**

The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).

    **c.     Grievance Process**

A prisoner has a right to meaningful access to the court which extends to established grievance procedures. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). However, there is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### E. Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff has failed to establish that he is a member of a protected class or that he is being treated differently than other individuals. Since Plaintiff has not made factual allegations that he is being treated differently than other individuals , his claim that he is entitled to equal protection as a class of one fails. North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). Plaintiff has failed to state a cognizable equal protection claim.

### F. Official Capacity

Plaintiff may not bring suit against Defendants in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Id. at 25.

### G. California Department of Corrections

The Department of Prisons is a state agency entitled to Eleventh Amendment Immunity. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff may not bring suit against the California Department of Corrections.

### H. Injunctive Relief

Plaintiff seeks injunctive relief requiring that he be receive single cell status whenever he is

11

transferred to a different institution within the CDCR.  For each form of relief sought in federal court, Plaintiff must establish standing.  Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010).  This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."  Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

This action is proceeding against Defendants for incidents that occurred at SCC.  The Court lacks jurisdiction to order that Plaintiff be single celled where ever he is housed.

**I.    State Law Claims**

To the extent that Plaintiff is requesting the Court exercise supplemental jurisdiction over state tort claims, he has failed to allege compliance with the California Tort Claims Act which requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007).  Nor has Plaintiff set forth the state tort claims he wishes to pursue in this action.

**V.    Motion for Preliminary Injunctive Relief**

   **A.    Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374.  An

injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

### B. Discussion

#### 1. December 17, 2010 Motion

On October 25, 2010, Plaintiff was transferred to the California Institution for Men in Chino, California ("CIM"). (Renewed Motion for Preliminary Injunctive Relief 11:14-18.) On October 12, 2010, Plaintiff was discharged from a mental health crisis bed at San Quentin State Prison. (Id. at 16-21.) On November 3, 2010, Plaintiff was endorsed to be transferred to a facility nearest the Sacramento area. (Id. at 14:4-10.) Plaintiff alleges that "upon information and belief" Matthew Cate and other prison officials heard of the impending transfer and somehow caused Dr. Chandler to be manipulated into writing a CDC 128-B to interfere with his being transferred back to SCC. (Id. at 16:12-20.) Plaintiff seeks a temporary restraining order and preliminary injunction directing the CDCR to abide by the CDC 128-C of 11/1/10 and disregard the CDC 128-C of 11/19/10; immediately transfer Plaintiff back to SCC; require Plaintiff to be single celled during the status of this action; provide Plaintiff with a copy of all healthcare records he requests, and immediately process and not impede all of his administrative grievances and appeals.

#### 2. March 31, 2011 Motion

Plaintiff argues that housing him away from Sacramento imposes a significant burden on him and his family. (Motion for Prompt Acknowledgment and Comprehensive Remedy to Ongoing Threatened Personal Injury 4, ECF No. 50.) After Plaintiff was transferred to the California Substance Abuse Treatment Facility ("CSATF") in Corcoran and was referred for a mental health

13

1  evaluation, he refused further treatment by the CSATF psychologist and he was confined to
2  administrative segregation. (Id. at 5-6.) On March 10, 2011, Plaintiff was recommended for an
3  expedited transfer back to SSC, and he fears that without an order from the court he will be double
4  celled once he is transferred. (Id. at 6.) Plaintiff moves for an order 1) ensuring this action remain
5  assigned to a tenured permanent judge; 2) appointing counsel; 3) granting all relief previously
6  sought; and 4) ordering his typewriter be returned or replaced. (Id. at 9-10.)

### a. Transfer to Another Facility

Plaintiff is currently incarcerated at SCC, therefore his request to be immediately transferred to SCC is moot. However, Plaintiff is advised that he does not have a right under any constitutional amendment, to be housed at a particular prison or to receive a particular security classification. Olim v. Wakinekona, 461 U.S. 238, 244-50 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Nor would the Court have jurisdiction to order a non-party, CDCR, to transfer Plaintiff to a particular institution and house him in a single cell.

### b. Request for Medical Records

As Plaintiff was notified via the first informational order, an order opening discovery is issued once an answer is filed. (ECF No. 3.) The complaint in this action has just been screened and Plaintiff's motion for discovery is premature. Additionally, Plaintiff is advised that discovery is self executing and the opposing party is to have an opportunity to respond to discovery requests prior to requesting intervention of the Court. The Court will only become involved where there is a discovery dispute. Where a party has failed to answer a question, answer an interrogatory, or permit inspection of a document the requesting party may move for an order to compel an answer, production, or inspection. Fed. R. Civ. Proc. 37(a)(3)(B). Although the Court recognizes that Plaintiff is proceeding pro per, he is required to comply with the Federal Rules of Civil Procedure and the Local Rules. Once Defendants have filed an answer a discovery and scheduling order will be issued opening discovery in this action.

### c. Administrative Grievances

The Court has screened Plaintiff's third amended complaint and found that Plaintiff states a claim for deliberate indifference to his need for single cell status. Plaintiff's request that all his

14

administrative grievances and appeals be processed is not narrowly drawn, extends further than necessary to correct the violation of the Federal right at issue in this action, and is not the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The relief requested is denied.

### d.     Typewriter

This action is proceeding on Plaintiff's claims of deliberate indifference for the denial of single cell status. The case or controversy requirement cannot be met for Plaintiff's request in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to the claim that he is being denied single cell status. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S. Ct. 1142, 1148-49 (2009); Steel Co., 523 U.S. at 102-04, 107. Since the relief sought would not remedy the violation of the Federal right at issue here, the Court cannot grant the requested relief and Plaintiff's motion for injunctive relief is denied.

### e.     Single Cell

Plaintiff's remaining requests are all set forth for the same purpose, Plaintiff requests injunctive relief requiring that he be single celled during the pendency of this action. This action is not proceeding against the CDCR and therefore the Court lacks jurisdiction to order that Plaintiff be single celled where ever he is housed. Therefore, Plaintiff's motions shall be addressed in relation to where he was housed at the time they were filed.

At the time Plaintiff filed his motion for injunctive relief on December 17, 2010, he was housed at CIM. When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Since Plaintiff is no longer incarcerated at CIM, the injunctive relief he is seeking is moot.

The motion filed March 31, 2011, was filed while Plaintiff was housed at CSATF and seeks relief that is speculative. The Court will not issue preliminary injunctive relief based upon the possibility of future harm and there are no facts presently before the Court that Plaintiff is currently being double celled. Plaintiff's motion for relief is denied.

## VI. Appointment of Counsel/Case Assignment

Regarding the request for counsel, Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981).

The Court previously requested, sua sponte, that its Pro Bono Program Director attempt to find counsel to represent Plaintiff. Ms. Guerra agreed to represent Plaintiff, and shortly thereafter requested to be released. The Director made a second inquiry and Mr. Javier agreed to represent Plaintiff. However, shortly after meeting with Plaintiff, Mr. Javier withdrew as his attorney of record because Plaintiff desired an attorney with more civil rights experience.

The Court has very limited resources available when it comes to finding voluntary counsel. Having already found two attorneys for Plaintiff, the Court declines to undertake a third search in light of its limited ability to find attorneys for appointment, the overwhelming number of pro se litigants seeking counsel, and Plaintiff and Mr. Javier's decision to discharge Mr. Javier as his attorney of record.

Plaintiff requests that this case remain assigned to a tenured and permanent Magistrate Judge. Plaintiff has consented to the jurisdiction of a Magistrate Judge. To the extent that Plaintiff is requesting the case not be reassigned, the Court assigns cases and thereafter circumstances can arise to cause the action to be reassigned. While this action will continue to be assigned to a Magistrate Judge, the Court denies Plaintiff's request that it not be reassigned at some point in the future.

## VII. Motion for Extension of Time to File Amended Complaint

Based upon the screening of Plaintiff's third amended complaint, Plaintiff's motion for an extension of time to file a fourth amended complaint shall be denied. However, Federal Rule of Civil Procedure 15(d) provides for the supplementation of pleadings to set "forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

Plaintiff may not pursue multiple, unrelated claims in this action. Pursuant to the Federal

16

Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff will not be permitted to proceed with a "mishmash of a complaint." Id.

The Court will grant Plaintiff thirty days in which to file a supplemental complaint. Plaintiff's supplemental complaint may not contain new, unrelated claims that fail to comply with Rule 18, or claims that have been dismissed in this action. Plaintiff's supplemental complaint should not contain allegations made in his third amended complaint. Accordingly, Plaintiff's request to exceed twenty five pages is denied. The Court will grant Plaintiff's request to submit his pleadings on 1/4 inch graph paper.

**VIII.   Conclusion and Order**

Plaintiff's third amended complaints states a cognizable claim against Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer for deliberate indifference in violation of the Eighth Amendment in their individual capacities, however fails to state any other cognizable claims. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, Plaintiff was previously given leave to amend to cure the deficiencies that were capable of being remedied, and although he filed three complaints he was unable to do so. Further leave to amend is not warranted, Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's third amended complaint, filed December 17, 2010, against Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer for deliberate indifference in violation of the Eighth Amendment in their individual capacities;

2. Plaintiff's claims under the Americans With Disabilities Act and Rehabilitation Act, First Amendment retaliation, failure to protect and remaining claims in violation of the Eighth Amendment, Due Process, and Equal Protection and official capacity claims are DISMISSED, with prejudice;

3. Defendants California Department of Corrections, Cate, Chavez, Rawlinson, and Grannis are DISMISSED, with prejudice, based upon Plaintiff's failure to state a cognizable claim against them;

4. Plaintiff's motion for a preliminary injunction, filed December 17, 2010, is DENIED;

5. Plaintiff's motion for Magistrate Judge to promptly acknowledge threat of personal harm, filed March 31, 2011, is DENIED:

6. Plaintiff's motion for appointment of counsel is DENIED; and

7. Plaintiff's motion for a thirty day extension of time to file an amended complaint is GRANTED IN PART AND DENIED IN PART as follows:

    a. Plaintiff's motion to file a fourth amended complaint is DENIED; and

    b. Plaintiff is GRANTED leave to file a supplemental complaint in compliance with this order within thirty days from the date of service of this order.

IT IS SO ORDERED.

**Dated:   August 8, 2011**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE