1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9 ERIC CHARLES RODNEY KNAPP,          CASE NO. 1:08-cv-01779-SMS PC

10            Plaintiff,               ORDER DENYING PLAINTIFF'S MOTION FOR
                                       RECONSIDERATION
11     v.
                                       (ECF No. 62)
12 MATTHEW CATE, et al.,

13            Defendants.
   _____/

14

15 **I.    Procedural History**

16        Plaintiff Eric Charles Rodney Knapp ("Plaintiff"), a state prisoner proceeding pro se and in

17 forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (the

18 Americans with Disabilities Act (ADA)), and 29 U.S.C.§ 794 (Rehabilitation Act (RA)) on

19 November 20, 2008.  On September 8, 2010, Plaintiff's second amended complaint was dismissed

20 with leave to amend.  (ECF No. 33).  On September 29, 2010, Plaintiff filed a third amended

21 complaint.  (ECF No. 37.)  On February 4, 2011, Plaintiff filed a motion for reconsideration of the

22 order issued on September 8, 2010, based upon the decision in Rhodes v Robinson, 621 F.3d 1002,

23 1007 (9th Cir. 2010).  (ECF No.44.)   Based on the decision in Rhodes, on February 14, 2011, the

24 Court granted reconsideration and Plaintiff was ordered to file a amended complaint, allowing

25 Plaintiff to allege new and newly exhausted claims, within sixty days and sought appointment of

26 counsel for Plaintiff.  (ECF No. 45, 46.)  Counsel was appointed and withdrew on March 16, 2011.

27 (ECF No. 47.)  On April 18, 2011, the Court appointed  new counsel.  (ECF No. 51.)  On July 27,

28 2011, the Court granted counsel's request to withdraw as attorney of record.  (ECF No. 59.)

On August 8, 2011, the Court screened Plaintiff's third amended complaint and found cognizable claims. Plaintiff was granted leave to file a supplemental complaint alleging new and newly exhausted claims that could be joined pursuant to Federal Rule of Civil Procedure 18. (ECF No. 60.) Plaintiff filed a motion for reconsideration on August 22, 2011. (ECF No. 62.)

Plaintiff brings his motion requesting reconsideration by a District Court Judge. Plaintiff argues that screening the third amended complaint was clearly erroneous and contrary to law because the prior order had rendered it void; the dismissal of the second amended complaint was partly erroneous because of the holding in Rhodes; Plaintiff's claims should not have been dismissed with prejudice because a claim should not be dismissed unless it is absolutely clear that the deficiencies could not be cured by amendment; and if the Court declines to reconsider the order, Plaintiff requests the Court certify an interlocutory appeal.

**II.** **Motion for Reconsideration**

**A.** **Legal Standard**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . .from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these factors is present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the

1    motion," and "why the facts or circumstances were not shown at the time of the prior motion."

2    "A motion for reconsideration should not be granted, absent highly unusual circumstances,

3    unless the district court is presented with newly discovered evidence, committed clear error, or if

4    there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or

5    present evidence for the first time when they could reasonably have been raised earlier in the

6    litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.

7    2009) (internal quotations marks and citations omitted) (emphasis in original).

8            **B.      Reconsideration by District Court Judge**

9            Initially, the Court shall address Plaintiff's request for reconsideration by a District Court

10   Judge.  On December 1, 2008, Plaintiff filed a notice of consent to the jurisdiction of the Magistrate

11   Judge.  (ECF No. 5.)  Once a civil case is referred to a Magistrate Judge under 28 U.S.C. § 636(c),

12   the reference can be withdrawn only "for good cause shown on its own motion, or under

13   extraordinary circumstances shown by any party." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).

14   Plaintiff has not presented extraordinary circumstances, nor does the Court find good cause, entitling

15   Plaintiff to withdraw his consent to the jurisdiction of the Magistrate Judge.  Plaintiff's motion for

16   reconsideration by a District Judge is denied.

17           **C.      Third Amended Complaint**

18           Plaintiff incorrectly argues that the order on his motion for reconsideration rendered the third

19   amended complaint void.  The order did not find that the dismissal of the second amended complaint

20   was erroneous due to the decision in Rhodes v Robinson, 621 F.3d 1002 (9th Cir. 2010).  The order

21   dismissing the second amended complaint informed Plaintiff that he could not attempt to litigate

22   claims based on incidents that occurred after this lawsuit was initiated because they would not have

23   been exhausted at the time Plaintiff filed this action.  Due to the decision in Rhodes, the Court

24   permitted Plaintiff to include new and newly exhausted claims that occurred after November 8, 2008.

25   The September 8, 2010, order remained valid in all other respects.  The third amended complaint was

26   not stricken from the record or in any way rendered void.  The third amended complaint was the

27   operative pleading and was properly screened as no amended complaint had been filed within the

28   time granted by the Court.

Additionally, the Court's order for Plaintiff to file a supplemental complaint alleging only those claims properly allowed by Federal Rule of Civil Procedure 18 is not clearly erroneous or contrary to law. Plaintiff appears to be arguing that Rhodes allows him to bring any claims that have occurred since the filing of the complaint. The Court rejects this argument. In Rhodes the court found that the complaint filed was actually a supplemental complaint alleging claims that arose after the initial complaint was filed. Rhodes, 621 F.3d at 1006. Rule 15(d) clearly allows for the filing of a supplemental complaint. As stated in Rhodes, "a supplemental complaint alleging new, and newly-exhausted claims could never be filed under the PLRA." Id. at 1007. Plaintiff has been granted leave to file a supplemental complaint alleging related claims that have occurred since he filed his complaint. This is consistent with the holding in Rhodes.

Plaintiff argues that the Court cannot restrict his supplemental pleading to twenty five pages. Given that Plaintiff may only allege related claims that arose since he filed his complaint, twenty five pages is sufficient to set forth a "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Federal Rule of Civil Procedure 8(a)(2).

**D.    Dismissed Defendants and Claims**

Plaintiff argues that the Court erred in dismissing his claims with prejudice because a claim should not be dismissed unless it is absolutely clear that the deficiencies could not be cured by amendment. Plaintiff had been granted leave to amend and, with specific guidance from the Court, has submitted four pleadings without stating a cognizable claim. It is within the Court's discretion to dismiss the complaint, with prejudice, due to the repeated failure of Plaintiff to cure the deficiencies in the pleadings. Destfino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011). The decision to dismiss Plaintiff's claims and certain defendants with prejudice was not clearly erroneous or contrary to law.

**E.    Request for Certificate of Appeal**

Finally, Plaintiff requests the Court certify the order for immediate appeal. Under 28 U.S.C. § 1291, the court of appeals has jurisdiction over final decisions of the district court. Couch v. Telescope Inc. 611 F3.d 629, 632 (9th Cir. 2010). However, the district court may certify an order that is otherwise not appealable where "such order involves a controlling question of law as to which

4

there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." <u>Couch</u>, 611 F.3d at 311 (quoting 28 U.S.C. § 1291(b)).   The Court fails to find that the order at issue in this action involves a controlling question of law to which there is a substantial ground for a difference of opinion.   The decision which Plaintiff relies upon, <u>Rhodes</u>, states that new and unexhausted claims may not be brought in a supplemental complaint.   Additionally, <u>Rhodes</u> did not address Federal Rule of Civil Procedure 18, which precludes Plaintiff from bringing unrelated claims in this action.   Accordingly, the Court denies Plaintiff's motion for a certificate of appeal.

**III.   Conclusion and Order**

The basis for Plaintiff's motion for reconsideration is his disagreement with the Court's screening decision and the Court's application of the law to his complaint.   Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration.   <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880.   Plaintiff's disagreement is not sufficient grounds for relief from the order.   <u>Westlands Water Dist.</u>, 134 F.Supp.2d at 1131.

Plaintiff's motion is HEREBY DENIED, with prejudice, and Plaintiff is required to comply with the Court's orders, issued August 8, 2011, within **thirty (30) days** from the date of service of this order or this action will be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

**Dated:   August 24, 2011**                    /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE