# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | CASE NO. 1:08-cv-01779-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (ECF No. 69) |
| MATTHEW CATE, et al., | |
| Defendants. / | |

Plaintiff Eric Charles Rodney Knapp ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 20, 2008. On August 8, 2011, an order issued dismissing certain claims and defendants. (ECF No. 60.) Plaintiff filed a motion for reconsideration of the order on September 7, 2011. (ECF No. 69.)

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . .from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Plaintiff brings this motion requesting reconsideration of the order dismissing his claims against supervisory defendants. Plaintiff argues that the ruling in Starr v. Baca, 633 F.3d. 1191 (9th Cir. 2011), held that Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), did not alter the substantive pleading requirements for supervisory liability. Plaintiff claims the order dismissing Defendants Cate, Chavez, Rawlinson, and Grannis was clearly erroneous or contrary to law.

1

1    Starr stated that "a plaintiff may state a claim against a supervisor for deliberate indifference
2 based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or
3 her subordinates." Starr v. Baca, __ F.3d __, 2011 WL 2988827, * 4 (9th 2011).  A supervisor may
4 be held liable under section 1983 if he was personally involved in the constitutional deprivation or
5 where there is "a sufficient causal connection between the supervisor's wrongful conduct and the
6 constitutional violation." Id. at * 5 (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).
7 In Starr the Court found that, under Federal Rule of Civil Procedure 8, Plaintiff had set forth
8 sufficient factual allegations to show that the defendant had knew or should have known of the
9 constitutional violations. Starr, 2011 WL 2988827, * 14 ("Starr's complaint makes detailed factual
10 allegations that go well beyond reciting the elements of a claim for deliberate indifference").

11    The basis of Plaintiff's motion for reconsideration is unclear to the Court.  Plaintiff cites Star
12 for the proposition that Iqbal did not change the pleading requirement for supervisory liability
13 claims;  however, Plaintiff did not bring his claims alleging supervisory liability.   Plaintiff's
14 American With Disabilities Act, First Amendment retaliation, Eighth Amendment, due process and
15 equal protection claims were dismissed because Plaintiff failed to set forth factual allegations
16 sufficient to state a claim for a constitutional violation.  Additionally, Plaintiff's Eight Amendment
17 claim against Defendant Cate was dismissed because the factual allegations in the complaint failed
18 to establish that Defendant Cate had knowledge that Plaintiff was at a risk of harm.  For these
19 reasons, the Court's decision was not in error or contrary to law and Plaintiff's motion is HEREBY
20 DENIED.

24 IT IS SO ORDERED.

25 **Dated:   October 3, 2011**               /s/ Sandra M. Snyder
26                              UNITED STATES MAGISTRATE JUDGE