# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY KNAPP,

Plaintiff,

v.

MATTHEW CATE, et al.,

Defendants.

_______________________________________/

CASE NO. 1:08-cv-01779-BAM PC

ORDER DISMISSING PLAINTIFF'S SUPPLEMENTAL COMPLAINT, WITHOUT LEAVE TO AMEND

(ECF No. 71)

**I. Screening Requirement**

Plaintiff Eric Charles Rodney Knapp ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, on November 20, 2008. This action is proceeding on the third amended complaint against Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer for deliberate indifference in violation of the Eighth Amendment by the denial of single cell status in August 2008. Currently before the Court is Plaintiff's supplemental complaint, filed September 23, 2011. (ECF No. 71.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II. Supplemental Complaint

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently incarcerated at Sierra Conservation Center ("SCC"). Plaintiff brings this supplemental complaint against Defendants M. Alexander, B. Alkire, L. Allen, Michael Baldwin, P. Bolles, Matthew Cate, J. Chandler, Frank X. Chavez, D. Foston, Nola Grannis, C. Hammond, Joel Martinez, W. Miller, Anna Pendergrass, P. Quinn, P. T. Rawlinson, W. Sanford, M. Scott, Jack Leroy St. Clair, Janet Tennison, J. Walker, and Does 1 through 50.

Pursuant to Federal Rule of Civil Procedure 15 (d), a supplemental pleading is to set "out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Additionally, a supplemental complaint "cannot be used to introduce a 'separate, distinct and new cause of action.'" Planned Parenthood of Southern Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (citations omitted). Plaintiff's third amended complaint was filed on September 29, 2010. In his supplemental complaint, Plaintiff alleges incidents beginning in 2008 that occurred at different

prisons and are unrelated to the claims that are proceeding in this action. Plaintiff is attempting to add additional defendants and new claims to his complaint that would have been known to Plaintiff at the time he filed his complaint, rather than to supplement the claims found to be cognizable. Plaintiff's motion to amend was denied and he was only granted leave to file a supplemental complaint. Any incidents that Plaintiff alleges prior to September 29, 2010, should have been pleaded in the third amended complaint and are not properly brought in this supplemental complaint. Only incidents that occurred supplemental to the filing of Plaintiff's third amended complaint, or relevant to the acts alleged, will be addressed.

On June 25, 2009, Plaintiff was transferred back to SCC and was placed on single cell status. On July 8, 2009, Defendants Koenig and Pate conducted a hearing and determined that Plaintiff's single cell status was appropriate at that time. On July 1, 2010, Defendants Otto, Alexander, Allen, Backlund, Peters, and Robertson, conducted a hearing and determined that single cell status was appropriate. On August 19, 2010, Defendants Otto, Alexander, Allen, Backlund, Peters, and Robertson conducted a hearing, without notifying Plaintiff, and found that Plaintiff's symptoms were stable and he was taking his medication. On September 9, 2010, Plaintiff refused to attend an appointment with Defendant Allen. On September 28, 2010, Defendant Otto authored a report withdrawing Plaintiff's single cell status. On September 29, 2010, Defendants Koenig and Quinn moved a prisoner with a history of mental problems into Plaintiff's cell. As a result of being housed with another inmate, Plaintiff decided to kill himself. On September 30, 2010, Defendants Otto, Alexander, Allen, Backlund, Peters, and Robertson conducted a hearing allowing Plaintiff to plead his case for single cell status. Defendants informed Plaintiff that they would offer Plaintiff medication and mental health professionals to discuss his feelings and for support for Plaintiff's symptoms caused by being celled with another inmate.

Concerned staff intervened before Plaintiff could harm himself and he was placed on suicide watch and was transferred to San Quentin from October 1 to October 12, 2010, to be evaluated and treated by a psychiatrist. Plaintiff was returned to SCC and the recommendation was that he not be double celled.

On October 13, 2010, Defendants Chavez, Koenig, and Quinn forced Plaintiff to cell with

the same inmate with mental problems. Plaintiff told Defendants Koenig, Quinn, Alexander, and Robertson that his treating psychiatrists at San Quentin said that he was to be single celled. Plaintiff was told that the doctors at San Quentin had no authority over housing at SCC and he could either double cell or go back on suicide watch or go to administrative segregation.

On October 25, 2010, Plaintiff was transferred away from SSC and was granted single cell status at the new prison. Plaintiff filed a grievance regarding the transfer. Plaintiff was transferred back to SCC on June 2, 2011. From June 10 to 13, 2011, Defendants Otto, Alexander, Backlund, Peters, Robertson, and Quinn had Plaintiff housed in an observation cell on suicide watch because he had wrote his mother that he would rather commit suicide than double cell. Plaintiff's single cell status was revoked and he filed a grievance. Defendants Lyons and Baldwin caused the grievance to be obstructed. On August 11, 2011, Defendants Otto, Alexander, Backlund, Peters, and Robertson granted Plaintiff temporary single cell status until June 2012, provided he does not refuse mental healthcare support. On August 11, 2011, Defendants Chavez, Hannah, Quinn, and Otto conducted a hearing and informed Plaintiff that he is subject to being transferred from SCC.

Plaintiff fails to state a cognizable claim against any named Defendants for acts supplemental to the complaint filed September 29, 2010.

## III. Discussion

### A. First Amendment Retaliation

Plaintiff fails to state a cognizable claim that he was placed on double cell status due to exercising his First Amendment right to access the court. Plaintiff alleges that on June 1, 2009, Defendant Pate told him that everything that happened to him was his own fault for filing grievances and that everything that was done before Plaintiff was transferred was right and Defendant Pate would do it again if Plaintiff made him. Additionally, Defendant Pate told Plaintiff that single celling for mental health reasons is always temporary, not permanent. Although Plaintiff alleges that prison officials conspired against him to retaliate for his litigious behavior, Plaintiff was removed from single cell status approximately two years later by Defendants Otto, Alexander, Allen, Backlund, Peters, and Robertson after finding his mental condition to be stable. To the extent that Plaintiff is attempting to bring a claim against individuals who are not proceeding on the claims

found cognizable in the third amended complaint, he needs to bring his claims in a separate action. Plaintiff's allegation are insufficient to state a plausible claim that removing Plaintiff from single cell status was in retaliation for his protected activity. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).

**B. Deliberate Indifference**

Plaintiff has failed to state a claim that Defendants were deliberately indifferent to his mental health needs. Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Plaintiff was placed on suicide watch, transferred to San Quentin for additional mental health treatment, and offered additional medication and mental health staff support. When Plaintiff was transferred back to SSC on June 2, 2011, he was told that if he did not want to double cell he would be placed on suicide watch or in administrative segregation. Defendants have attempted to address Plaintiff's mental health needs, even moving him to an institution that could accommodate his single cell status. When Plaintiff was transferred back to SCC he was placed in single cell status until a finding was made that his mental condition was stable. Plaintiff has failed to state a cognizable claim that any named defendants were deliberately indifferent to his mental health needs.

**C. American With Disabilities Act and Rehabilitation Act**

Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") "prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Penn. Dept. of Corrections v. Yeskey, 524 U.S. 206, 210, 118 S. Ct. 1952, 1955 (1998); see also Simmons., 609 F.3d at 1021. To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was "excluded from participation in or denied the benefits of the public entity's

services, programs, or activities, or was otherwise discriminated against by the public entity;" and (3) "such exclusion or discrimination, or denial of benefits was because of his disability." Simmons, 609 F.3d at 1021 (citations omitted). "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Id.

"To state a claim under the Rehabilitation Act, a plaintiff must allege '(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance.'" O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1060 (9th Cir. 2007).

Plaintiff's ADA and RA claims were dismissed, with prejudice, for the incidents alleged in 2008. Plaintiff does not allege that he is being denied participation in or the benefits of any services, programs, or activities, but is being denied the accommodation he seeks, single cell status. Plaintiff was placed in single cell status from June 25, 2009 though August 19, 2010, and was only ordered double celled after a finding was made that he was stable and taking his medication. Although Plaintiff alleges that his rights under the ADA and RA were violated, his factual allegations regarding the 2010 through 2011 incidents fail to show any intentional discrimination against him based on a qualifying disability, Simmons, 609 F.3d at 1021, or that he was denied the benefits of a program solely because of his disability, O'Guinn, 502 F.3d 1056, 1060. For these reasons Plaintiff has failed to state a cognizable claim.

**D. Equal Protection**

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254 (1985). Plaintiff fails to allege facts to show that the defendant intentionally discriminated against him based on membership in a protected class. Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998). While Plaintiff alleges that he is mentally ill, federal courts do not treat the mentally ill as a suspect or quasi suspect class. See Heller v. Doe by Doe, 509 U.S. 312, 321, 113 S. Ct. 2637, 2643 (1993) ("We have applied rational-basis review in previous cases involving the mentally retarded and the mentally ill.").

There are no factual allegations in the supplemental complaint to show that any similarly situated individuals were treated differently than Plaintiff. Plaintiff was informed that CSS was unable to accommodate single cell inmates when he originally arrived at CSS. Additionally, Defendant Pate told Plaintiff that single cell status due to mental health issues was always temporary. Therefore, Plaintiff fails to show that similarly situated individuals were intentionally treated differently. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000). Plaintiff has failed to state a cognizable equal protection claim.

**E. Due Process**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2300. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

**1. Grievances**

There is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Additionally, the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley, 997 F.2d at 495.

**2. Transfer/Placement**

There is no substantive liberty interest in being housed in a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245, 103 S. Ct. 1741, 1745 (1983); Meachum v. Fano, 427 U.S. 215,

224, 96 S. Ct. 2532, 2538 (1976). Neither the initial decision assigning the inmate to a particular prison nor a subsequent transfer to a different prison implicate the Due Process Clause. Olim, 461 U.S. at 244-45, 103 S. Ct. at 1745; see Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 (1976); Montanye v. Haymes, 427 U.S. 236, 242, 96 S. Ct. 2543, 2547 (1976).

Additionally, Plaintiff alleges a liberty interest in being housed at a prison where he can have visits with his mother. A prisoner only has a liberty interest protected by the Due Process Clause where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan, 83 F.3d at 1088. "An inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights least compatible with incarceration." Overton v. Bazzetta, 539 U.S. 126, 131, 123 S. Ct. 2162, 2167 (2003). Inmates have no constitutional right to incarceration at a particular prison. Meachum, 427 U.S. at 225, 96 S. Ct. at 2538. Plaintiff cites California Penal Code § 5068, which states in relevant part, "when reasonable, the director shall assign a prisoner to the institution of the appropriate security level and gender population nearest the prisoners home. . . ." However, California has not created such a right, as "[t]he Director of Corrections may transfer persons confined in one state prison institution or facility . . . to another." Cal. Penal Code § 5080. Additionally, the denial of access to a particular visitor "is well within the terms of confinement ordinarily contemplated by a prison sentence and is not independently protected by the Due Process Clause." Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 461, 109 S. Ct. 1904, 1909 (1989). Plaintiff does not have a liberty interest in being housed near his family.

**3. Miscellaneous Interests**

Plaintiff alleges a liberty interest in his government records not containing false information, adverse decisions affecting his health, life, safety, rights and privileges, and unwanted invasions of privacy by CDCR mental healthcare staff.

Plaintiff appears to allege that the finding that Plaintiff's symptoms were stable and he was taking his medication were based on statements, which he believes are false, in his medical records. However, the fact that Plaintiff disagrees with the opinions or findings of his medical providers does not make them false, nor does the fact that medical providers come to different opinions regarding

Plaintiff's mental status.

Plaintiff does not have a general due process right not to have adverse decisions affecting his conditions of confinement. Meachum, 427 U.S. at 225, 96 S. Ct. at 2538. Confining Plaintiff in a double cell is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan, 83 F.3d at 1088. Finally, Plaintiff does not a liberty interest in privacy of his medical records to keep prison officials from managing his imprisonment. Seaton v. Mayberg, 610 F.3d 530, 534-35 (9th Cir. 2010).

**F. California Statutes and Regulations**

Section 1983 provides a cause of action where a state actor's "conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986)). There is no independent cause of action for a violation of Title 15 regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996). Nor is there any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)).

**G. Conspiracy**

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"

Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between Defendants. Further, Plaintiff has not alleged facts demonstrating that Defendants violated his constitutional rights. In order to state a cognizable claim for relief for conspiracy, Plaintiff must establish that Defendants conspired to violate an underlying constitutional right.

### H. International Law

Plaintiff alleges that the conditions he has been subjected to violate the Universal Declaration of Human Rights;[1] the Standard Minimum Rules for the Treatment of Prisoners;[2] the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment;[3] and the Convention on the Rights of Persons with Disabilities.[4] Plaintiff does not possess any rights enforceable in this section 1983 suit for violations of international law. Assuming that a violation of international law would be cognizable under section 1983, Plaintiff's argument that requiring him to double cell after officials found him to be mentally stable fails to state a plausible claim. Iqbal, 129 S. Ct. at 1949.

## IV. Conclusion and Order

Plaintiff's supplemental complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall

---

[1] The Universal Declaration of Human rights is not a treaty, but "a statement of principles . . . setting up a common standard of achievement for all peoples and nations" and "it was not self-executing and so did not itself create obligations enforceable in the federal Courts." Sosa v. Alvarez-Machain, 542 U.S. 692, 734-35, 124 S. Ct. 2739, 2767 (2004).

[2] The Standard Minimum Rules for the Treatment of Prisoners was adopted "to set out what is generally accepted as being good principle and practice in the treatment of prisoners and the management of institutions" and "is not binding on the United States." Serra v. Lappin, 600 F.3d 1191, 1197 (2010).

[3] The Convention Against Torture is not self executing and does not create judicially-enforceable rights unless given effect by implementing legislation. Auguste v. Ridge, 395 F.3d 123, 132 n.7(3d Cir. 2005). There is no private cause of action under the Convention and any private lawsuit must be based on violations of domestic law. Renkel v. United States, 456 F.3d 640, 644 (6th Cir. 2006).

[4] On June 16, 2011, a resolution was introduced to ratify the Convention on the Rights of Persons with Disabilities. See H.R. Res. 312, 112th. Cong. (2011). The Court is unable to find any United States Code that ratifies and implements the Convention on the Rights of Persons with Disabilities.

be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's supplemental complaint, filed September 23, 2011, is HEREBY DISMISSED, without leave to amend, and this action shall proceed on the claims found to be cognizable in the third amended complaint.

IT IS SO ORDERED.

**Dated: November 8, 2011**

**/s/ Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE