# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:08-cv-01779-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO APPEAL DISMISSAL OF SUPPLEMENTAL COMPLAINT IN FORMA PAUPERIS<br><br>(ECF No. 79)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 81)<br><br>ORDER DISREGARDING PLAINTIFF'S AFFIDAVIT AND CERTIFIED TRUST ACCOUNT STATEMENT<br><br>(ECF No. 82) |

      Plaintiff Eric Charles Rodney Knapp ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, on November 20, 2008. This action is proceeding on the third amended complaint against Defendants C. Koenig, M. Pate, Russell Otto, Michael Backlund, K. Roberson, Ivan D. Clay, D. E. Gibbs, S. M. Hannah, Walt Semsen, Marsha Lyons, and T. Esquer for violation of the Eighth Amendment. On November 8, 2011, Plaintiff's supplemental complaint was screened and dismissed for failure to state a claim. Plaintiff filed a notice of appeal, motion for permission to appeal dismissal of supplemental complaint, affidavit and certified trust account statement, and motion for appointment of counsel on November 18, 2011.

1  Federal Rule of Civil Procedure 54(b) allows for the "direct entry of a final judgment as to
2  one or more, but fewer than all, claims or parties only if the court expressly determines that there is
3  no just reason for delay." There exists "a long-settled and prudential policy against the scattershot
4  disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be indulged as a
5  matter of routine or as a magnanimous accommodation to lawyers or litigants." Spiegel v. Trustees
6  of Tufts College, 843 F.2d 38, 42 (9th Cir. 1988) (citations omitted). "Judgments under Rule 54(b)
7  must be reserved for the unusual case in which the costs and risks of multiplying the number of
8  proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the
9  litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co.,
10 Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). Plaintiff's case does not merit the entry of
11 judgment under Rule 54(b). To the extent that Plaintiff's motion is construed as motion for entry
12 of partial judgment for dismissal of claims so he can appeal, Plaintiff's motion is denied.

13  Regarding Plaintiff's motion to proceed in forma pauperis in this action, because Plaintiff
14 was proceeding in forma pauperis in this action in the district court, Plaintiff is entitled to proceed
15 in forma pauperis on appeal unless the Court makes a finding to the contrary. Accordingly,
16 Plaintiff's motion for leave to proceed in forma pauperis on appeal is denied as moot.

17  Plaintiff has also filed a motion seeking the appointment of counsel on appeal. Plaintiff's
18 motion is best directed to the United States Court of Appeals for the Ninth Circuit. However, in light
19 of the fact that Plaintiff filed his motion in this court, this court will address it.

20  The United States Supreme Court has ruled that district courts lack authority to require
21 counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for
22 the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). In certain
23 exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28
24 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable
25 method of securing and compensating counsel, this court will seek volunteer counsel only in the
26 most serious and exceptional cases.

27  In the present case, the court does not find the required exceptional circumstances. See id.
28 Therefore, Plaintiff's request for the appointment of counsel is denied.

Based on the foregoing it is HEREBY ORDERED that:

1. Plaintiff's motion for permission to appeal from dismissal of supplemental complaint in forma pauperis, filed November 18, 2011, is DENIED;
2. Plaintiff's motion for appoint of counsel to represent plaintiff on appeal, filed November 18, 2011, is DENIED; and
3. Plaintiff's affidavit and certified trust statement in support of his motion to appeal in forma pauperis is DISREGARDED.

IT IS SO ORDERED.

Dated:   **November 22, 2011**              /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE