# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-01779-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>(ECF Nos. 96, 98)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I.   Background**

Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the third amended complaint, filed September 29, 2010, against Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer for deliberate indifference to Plaintiff's need for single cell status in violation of the Eighth Amendment. On March 9, 2012, Defendants filed a motion to revoke Plaintiff's in forma pauperis status. (ECF No. 96.) Plaintiff filed an opposition on March 26, 2012. (ECF No. 98.)

**II.   Motion to Revoke Plaintiff's Informa Pauperis Status**

**A.   Defendants' Position**

Defendants claim that Plaintiff has, on three or more occasions, had actions dismissed as frivolous, malicious, or for failure to state a claim, and he is therefore precluded from proceeding

1 in this action in forma pauperis pursuant to 28 U.S.C. § 1915(g).  Defendants contend that in K'napp v. Arlitz, No. 1:09-cv-00412 (E.D.Cal.), Plaintiff's in forma pauperis status was revoked pursuant to section 1915(g), because the court found that Plaintiff had filed three or more actions that were deemed to be strikes.  Defendants argue that Knapp v. Knowles, et al., No. 2:03-cv-00394-DFL-PAN (E.D.Cal. 2004), Knapp v. Knowles, et al. No. 2:06-cv-00453-GEB-GGH (E.D.Cal. 2007), Knapp v. Harrison, No. 2:06-cv-07702-JVS-RC (C.D.Cal. 2008); and Knapp v. Knowles, et al., No. 04-16701 (9th Cir. Mar. 7, 2005) are all strikes under section 1916, and thereby, Plaintiff is precluded from proceeding in forma pauperis in this action.

**B.     Plaintiff's Position**

Plaintiff objects to Defendants' motion on the grounds that it fails to comply with the Local Rules because the documents are printed on both sides of the paper, and are therefore not a true copy of the original on file with the court.  Plaintiff states that due to the manner in which the documents were copied, he has been unfairly prejudiced in violation of the Local Rules.  Plaintiff also argues that he is entitled to proceed in forma pauperis because the court would have to conclude that he is in imminent danger and entitled to the exception allowing him to proceed in forma pauperis.

Additionally, Plaintiff argues that Defendants are requesting the Court to take judicial notice of unrelated cases and violate the Federal Rule of Evidence 201 by accepting them for their truth and accuracy.  The Court cannot take judicial notice of the factual findings in these cases.  Defendants have not met their initial burden of production and, therefore, have not shifted the burden of persuasion to Plaintiff.  Nor have Defendants provided sufficient evidence for the court to ascertain whether Plaintiff has accumulated three strikes at the time this action was initiated.  Defendants rely on dismissals that were not final and therefore have no force or affect on this action.  Defendants count as dismissals actions that may not properly be counted as strikes pursuant to section 1916(g).

**C.     Legal Standard**

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

prisoner is under imminent danger of serious physical injury." "[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute . . . lead[s] to absurd or impracticable consequences." Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted).

### D.     Discussion

It is well established that a court may take judicial notice of its own records. Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Chandler v. United States, 378 F.2d 906, 909 (9th Cir. 1967). Therefore, the Court shall grant Defendants' motion to take judicial notice of court documents.

In Knapp v. Knowles, et al., No. 2:03-cv-00394-DFL-PAN (E.D.Cal. 2004), the court dismissed the action on August 13, 2004, as a sanction for Plaintiff's repeated failure to obey the order of the court that he file a complaint in compliance with Federal Rule of Civil Procedure 8. (Motion to Revoke Plaintiff's In Forma Pauperis Status, Exhibit B at 13, ECF No. 96-3.) The court dismissed Knapp v. Knowles, et al. No. 2:06-cv-00453-GEB-GGH (E.D.Cal. 2007), on June 14, 2007, for Plaintiff's failure to comply with Federal Rule of Civil Procedure 8. (ECF No. 96-3, Exhibit C at 22.) Knapp v. Harrison, No. 2:06-cv-07702-JVS-RC (C.D.Cal. 2008), was dismissed on September 12, 2008, pursuant to Rule 41(b) as a sanction for Plaintiff's failure to comply with the Federal Rules of Civil Procedure. (ECF No. 96-4, Exhibit D at 27.) Knapp v. Knowles, et al., No. 04-16701 (9th Cir. Mar. 7, 2005), was dismissed for failure to prosecute. (ECF No. 96-4, Exhibit E at 33.)

The language of section 1915(g) is clear: a dismissal on the ground that an action is frivolous, malicious, or fails to state a claim counts as strike. Adherence to the language of section 1915(g) by counting as strikes only those dismissals that were made upon the grounds of frivolity, maliciousness, and/or failure to state a claim does not lead to absurd or impracticable consequences. Federal courts are well aware of the existence of section 1915(g), and if a court dismisses an action on the grounds that it is frivolous, malicious, and/or fails to state a claim, the court should state as much. Such a dismissal may then be counted as a strike under section 1915(g).

1    Each of the district court cases cited by Defendants was dismissed as a sanction for Plaintiff's
2 failure to comply with the Federal Rules of Civil Procedure. Although Plaintiff has been found to
3 have three strikes, this court is not persuaded by the reasoning set forth in the order revoking
4 Plaintiff's in forma pauperis status in K'napp v. Arlitz, No. 1:09-cv-00412 (E.D.Cal.). A holding
5 by another district court may be persuasive, but is not binding upon this court. The courts which
6 entered the orders of dismissal in Knapp v. Knowles, et al., No. 2:03-cv-00394-DFL-PAN (E.D.Cal.
7 2004), Knapp v. Knowles, et al. No. 2:06-cv-00453-GEB-GGH (E.D.Cal. 2007), and Knapp v.
8 Harrison, No. 2:06-cv-07702-JVS-RC (C.D.Cal. 2008), were aware of the screening requirement and
9 had theses cases been dismissed for failure to state a claim, the courts would have so stated. Since
10 none of these cases state that they were dismissed as frivolous, malicious, or for failure to state a
11 claim, this Court does not find that Plaintiff had acquired three strikes prior to filing this action
12 subjecting him to section 1915(g). Based upon this finding, the Court declines to address Knapp v.
13 Knowles, et al., No. 04-16701 (9th Cir. Mar. 7, 2005), or the arguments and objections set forth in
14 Plaintiff's opposition to the motion to revoke his in forma pauperis status.

**III.    Conclusion and Recommendation**

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion to revoke Plaintiff's in forma pauperis status, filed March 9, 2012, be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Defendants are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 13, 2012**            /s/ **Barbara A. McAuliffe**
                                UNITED STATES MAGISTRATE JUDGE