# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01779-AWI-BAM PC<br><br>ORDER STRIKING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND EXHIBIT A (ECF No. 101, 102)<br><br>ORDER GRANTING DEFENDANTS' AMENDED MOTION FOR A PROTECTIVE ORDER AND LIFTING STAY OF DISCOVERY<br><br>(ECF Nos. 103, 104, 112)<br><br>THIRTY-DAY DEADLINE |

        Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the third amended complaint, filed September 29, 2010, against Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer for deliberate indifference to Plaintiff's need for single cell status in violation of the Eighth Amendment.[1] On March 5, 2012, an order issued opening discovery in this action. On May 18, 2012, Defendants filed a motion for a protective order, exhibit, and amended motion for a protective order. (ECF Nos. 101, 102, 103.) On May 25, 2012, an order issued staying discovery in this action and ordering Plaintiff to file a response to Defendants' motion. (ECF No. 104.) Plaintiff filed an opposition on June 15, 2012.

---

[1] On August 8, 2011, an order issued dismissing Plaintiff's claims under the Americans With Disabilities and Rehabilitation Act, First Amendment retaliation, failure to protect and remaining Eighth Amendment claims, Due Process, Equal Protection and official capacity claims, with prejudice. (ECF No. 60.)

1

(ECF No. 112.)

Initially, since Defendants filed an amended motion for a protective order, the motion for a protective order, filed May 18, 2012, is STRICKEN FROM THE RECORD.

Defendants move for a protective order from discovery requests propounded by Plaintiff in this action pending resolution of their motion to revoke Plaintiff's in forma pauperis status and due to the inappropriate nature of the requests.[2] On April 19, 2012, Plaintiff served on Defendants requests for production of documents consisting of 34 separate requests. On May 8, 2012, Plaintiff served 11 sets of requests for admissions consisting of 100 requests for each Defendant. (Am. Motion for Protective Order 3, ECF No. 103.) Defendants argue that the requests for admission for each defendant are identical and not specifically tailored to each defendant, require legal conclusions not appropriate for requests for admissions, request information that is easily obtainable from another source, or are speculative, vague, and ambiguous. (Id. at 4.) Defendants state that responding to these requests would be over burdensome and the requests appear to have no purpose other than to harass the defendants by requiring them to engage in busy work by responding to 1000 duplicative requests. Defendants argue that the likely benefit is far outweighed by the burden and request an order limiting Plaintiff to twenty five requests per defendant. Further Defendants request that Plaintiff be required to formulate his request for admissions as contemplated by Rule 26 so they are straightforward and factual. (Id. at 5.)

Plaintiff opposes Defendants' motion on the ground that it violates the local rules, Defendants failed to confer with Plaintiff prior to filing the motion, Defendants' motion is not meritorious in light of the rules governing civil litigation, and Defendants have not met their burden of showing good cause for a protective order.

Plaintiff is advised that in the discovery and scheduling order issued March 5, 2012, the parties were relieved from the requirement of Federal Rules of Civil Procedure 26 that they meet and confer prior to seeking relief in court for discovery disputes. (Discovery and Scheduling Order ¶ 5,

---

[2] On June 13, 2012, a findings and recommendations issued recommending denying Defendants motion to revoke Plaintiff's in forma pauperis status. (ECF No. 109.) Accordingly, the Court shall disregard Defendants arguments based upon the outstanding motion.

2

ECF No. 92.) The Court is well aware based upon its experience that, contrary to Plaintiff's assertion, contacting an inmate is not as simple as sending an e-mail or placing a call to the prison litigation coordinator and waiting thirty minutes for the inmate to return the call.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Federal Rules of Civil Procedure provide that a court may limit the number of interrogatories, depositions, or requests for an admissions that a party may propound. Fed. R. Civ. P. 26(b)(2). Further the Rule provides that "the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

The Court has broad discretion in determining relevancy for discovery purpose, Hallet v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and in limiting discovery to prevent its abuse. DR Systems, Inc. V. Eastman Kodak Co., No.08cv669-H (BLM), 2009 WL 2973008, *1 (S.D.Cal. Sept. 14, 2009). The Court recognizes the liberality of the discovery rules and the significant potential for abuse during pretrial discovery. Seattle Time Co. v. Rhinehart, 467 U.S. 20, 34, 104 S. Ct. 2199, 2009 (1984).

Plaintiff states that his request of May 8, 2012, was a single request that was addressed to each defendant individually. (Opp. 5, ECF No. 112.) Plaintiff has propounded the same 100 requests for admission to each defendant in this action. The Court has reviewed Plaintiff's Requests for Admissions which were served on May 8, 2012. The first nine requests generally request each Defendant to admit that he has taken an oath and has specific duties under California regulations. Requests for Admission Nos. 29 through 54, and 58 through 66 relate to Plaintiff's Americans With Disabilities, claim which has been dismissed from this action, with prejudice.

1       Requests for Admissions Nos. 22 through 28, and 81 through 89, and 92 through 100 relate
2  to Plaintiff's retaliation claim, which has been dismissed from this action, with prejudice. These
3  requests are duplicative, merely changing the date of the questions. Since each Defendant is not
4  involved in every incident alleged, these requests are not be relevant to each Defendant. It appears
5  Plaintiff is attempting to avoid having to direct his requests for admissions to the actions of the
6  individual defendants by propounding the same set to each defendant so they can answer those that
7  would be relevant to the incidents they are involved in. Plaintiff has propounded admissions to each
8  Defendant regarding incidents that they are not involved in, which will require them to object and
9  allow Plaintiff to bring an unmeritorious motion to compel.

10      The Court finds that the burden of requiring Defendants to answer these requests for
11 admissions far outweighs any potential benefit given that they are irrelevant to any claims remaining
12 in this action.

13      "The court may, for good cause, issue an order protecting a party or person from . . . undue
14 burden or expense." Fed. R. Civ. P. 26(c)(1). The Federal Rules confer "broad discretion on the trial
15 court to decide when a protective order is appropriate and what degree of protection is required."
16 Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002)
17 (quoting Seattle Times Co., 467 U.S. at 36, 104 S. Ct. at 2209). Upon review of the moving papers
18 and Plaintiff's request for admissions, the Court finds that there is good cause to issue a protective
19 order to avoid undue burden of responding to the excessive number of irrelevant requests for
20 admission propounded by Plaintiff. Accordingly, Defendants' motion for a protective order shall
21 be granted and Defendants are not required to respond to Plaintiff's request for admissions served
22 on May 8, 2012.

23      Additionally, the Court shall grant Defendants' request and Plaintiff shall be limited to
24 twenty five requests for admission for each defendant. Plaintiff's requests for admissions must
25 comply with the Federal Rules of Civil Procedure. A request for admission is a written request to
26 admit the truth of a matter in the pending action that relates to "facts, the application of law to fact,
27 or opinions about either; and the genuineness of documents." Fed. R. Civ. P. 36(a)(1). Additionally,
28 Plaintiff's requests must be relevant, which requires that the discovery be "reasonably calculated to

lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The motion for a protective order, (ECF No. 101), filed May 18, 2012, is STRICKEN FROM THE RECORD;

2. Defendants' amended motion (ECF No. 103) for a protective order filed May 18, 2012 is GRANTED as follows:

   a. Defendants are relieved from responding to Plaintiff's requests for admissions served on May 8, 2012;

   b. Plaintiff's request for admissions are limited to twenty five (25) per defendant and must comply with the Federal Rules of Civil Procedure as described in this order;

3. The stay of discovery issued on May 25, 2012 is lifted; and

4. Within thirty days from the date of service of this order, the parties shall respond to any outstanding discovery requests not affected by this order.

IT IS SO ORDERED.

Dated:   **July 13, 2012**              **/s/ Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE