# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | CASE NO. 1:08-cv-01779-AWI-BAM PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO CERTIFY FOR IMMEDIATE APPEAL |
| v. | |
| MATTHEW CATE, et al., | (ECF No. 114) |
| Defendants. | |

Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the third amended complaint, filed September 29, 2010, against Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer for deliberate indifference to Plaintiff's need for single cell status in violation of the Eighth Amendment. On June 8, 2012, Defendants declined to proceed before the Magistrate Judge and this action was reassigned to the undersigned. On July 9, 2012, Plaintiff filed a motion for the District Court to reconsider the previous adverse rulings by the Magistrate Judges assigned to this action or in the alternative certify the action for immediate appeal. (ECF No. 114.)

Plaintiff requests reconsideration of the following orders issued by the Magistrate Judges: 1) the order dismissing the original complaint, with leave to amend, filed on April 13, 2009; 2) the order dismissing Plaintiff's first amended complaint, with leave to amend, filed on October 13, 2009; 3) the order screening Plaintiff's second amended complaint, and dismissing with leave to amend, filed on September 7, 2010; 4) the order screening Plaintiff's third amended complaint and

dismissing certain claims and defendants, filed August 8, 2011; 5) the order dismissing Plaintiff's supplemental complaint, without leave to amend; 6) the denial of Plaintiff's motions for preliminary injunctive relief; and 7) the orders denying Plaintiff's motion for appointment of counsel.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . .from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b).  Where none of these factors is present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court

1  on the entire evidence is left with the definite and firm conviction that a mistake has been
2  committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v.
3  Equifax Info. Services LLC, 2007 WL 2412249, at *1 (D.Or. 2007) ("Though Section 636(b)(1)(A)
4  has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate
5  judges are given broad discretion on discovery matters and should not be overruled absent a showing
6  of clear abuse of discretion.").

7  Plaintiff's motion is devoid of any grounds entitling him to reconsideration of the prior orders
8  of the Magistrate Judges assigned to this action.

9  Federal Rule of Civil Procedure 54(b) allows for the "direct entry of a final judgment as to
10 one or more, but fewer than all, claims or parties only if the court expressly determines that there is
11 no just reason for delay."  There exists "a long-settled and prudential policy against the scattershot
12 disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be indulged as a
13 matter of routine or as a magnanimous accommodation to lawyers or litigants." Spiegel v. Trustees
14 of Tufts College, 843 F.2d 38, 42 (9th Cir. 1988) (citations omitted).  "Judgments under Rule 54(b)
15 must be reserved for the unusual case in which the costs and risks of multiplying the number of
16 proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the
17 litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co.,
18 Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).  Plaintiff's case does not merit the entry of
19 judgment under Rule 54(b).  To the extent that Plaintiff's motion is construed as motion for entry
20 of partial judgment for dismissal of claims so he can appeal, Plaintiff's motion is denied.

21 Accordingly, Plaintiff's motion for reconsideration and motion for certification of immediate
22 appeal is HEREBY DENIED.

24 IT IS SO ORDERED.

25
26 Dated:  August 3, 2012                              _____
                                                      CHIEF UNITED STATES DISTRICT JUDGE