# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | CASE NO. 1:08-cv-01779-AWI-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (ECF No. 120) |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the third amended complaint, filed September 29, 2010, against Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer for deliberate indifference to Plaintiff's need for single cell status in violation of the Eighth Amendment. On July 16, 2012, the Magistrate Judge issued an order granting Defendants' motion for a protective order, lifting the stay of discovery, and limiting Plaintiff to twenty-five requests for admissions, per defendant, that comply with the Federal Rules of Civil Procedure. (ECF No. 117.) On July 27, 2012, Plaintiff filed objections to the Magistrate Judge's ruling and a request for reconsideration. (ECF No. 120.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.

2009) (internal quotations marks and citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff's motion is devoid of any ground entitling Plaintiff to reconsideration of the Court's order.  Accordingly, Plaintiff's motion for reconsideration, filed July 27, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   August 3, 2012                              _____
                                                     CHIEF UNITED STATES DISTRICT JUDGE