# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY KNAPP,

              Plaintiff,

    v.

MATTHEW CATE, et al.,

              Defendants.

_____/

CASE NO. 1:08-cv-01779-AWI-BAM PC

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS

(ECF Nos. 96, 109, 115, 119)

      Plaintiff Eric Charles Rodney Knapp ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on November 20, 2008.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On June 13, 2012, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days.  On July 13, 2012, Defendants filed an Objection and Request for Judicial Notice, and on July 26, 2012, Plaintiff filed a Response to Defendants' Objection.

      Defendants object to the Findings and Recommendations on the ground that two of Plaintiff's cases were dismissed because they failed to comply with Rule 8(a), and the third case was dismissed under Rule 41(b) after Plaintiff failed to comply with Rule 8(a).  Since Rule 8(a) sets out the requirements to state a claim for relief, Defendants contend that K'napp v. Knowles, No. 2:03-cv-00394-DFL-Pan (E.D.Cal 2004); K'napp v. Knowles, No. 2:06-cv-00453-GEB-GGH (E.D.Cal.

1

2007); and K'napp v. Harrison, No. 2:06-cv-07702-JVS-RC (C.D.Cal. 2008); were dismissed for failure to state a claim. (Defendants' Objections to Magistrate Judge's Findings and Recommendations 1-2, ECF No. 115.) Defendants request the court take judicial notice of court documents filed in support of the Objection to the Findings and Recommendations. Defendants' request shall be granted.

Plaintiff responds that the findings of the Magistrate Judge were neither clearly erroneous nor contrary to law. Plaintiff argues that all three of the actions cited by Defendants were dismissed as a sanction under Rule 41(a) for his failure to comply with the orders of the court. Additionally, non-compliance with Rule 8 is not tantamount to "failure to state a claim" within the meaning of 28 U.S.C. § 1915(g). (Plaintiff's Response to Objections By Defendants' to the Magistrate Judge's Findings and Recommendations, ECF No. 119.)

"Not all unsuccessful cases qualify as a strike under § 1915(g). Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). A case should only be used to deny in forma pauperis status where, after careful evaluation of the order dismissing the action, the court determines that it was dismissed because it was frivolous, malicious, or failed to state a claim. Andrews, 398 F.3d at 1121. Additionally, Rule 8 requires that each averment of a pleading be simple, concise, and direct, and is a basis for dismissal independent of failure to state a claim. McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

In K'napp v. Knowles, No. 2:03-cv-00394-DFL-Pan (E.D.Cal 2004), the Findings and Recommendations which were adopted by the District Court stated that

> Plaintiff's complaint violated the Federal Rules of Civil Procedure and the court had to guess what plaintiff complained about. . . . Plaintiff filed an amended complaint which on December 4, 2003, the court dismissed because it did not comply with the instructions in the September 19, 2003, order. The court gave plaintiff 20 days to file a third amended complaint and informed plaintiff it intended to dismiss his compliant with prejudice for failure to comply with the September 19, 2003, order.

(Request for Judicial Notice, Exhibit A, 6:19-21, 7:1-6,[1] ECF No. 116.) The language set forth does not indicate that the complaint was reviewed and found not to state a claim, but rather that the court

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1   was unable to determine what claims the plaintiff was attempting to bring and ordered Plaintiff to

2   file a complaint that complied with the Federal Rules of Civil Procedure.  The action was ultimately

3   dismissed because Plaintiff failed to comply with the order requiring him to comply with the Federal

4   Rules of Civil Procedure, not for failure to state a claim.

5        In K'napp v. Knowles, No. 2:06-cv-00453-GEB-GGH (E.D.Cal. 2007), the court stated

6   "some of plaintiff's claims in his long and rambling series of disjointed allegations may be

7   cognizable under 42 U.S.C. § 1983, but it is not the function of this court to attempt to ferret them

8   out from a complaint so plainly violative of Rule 8 of the Federal Rules of Civil Procedure on its

9   face." (ECF No. 16, Exhibit C at 24:14-17.)  The court had granted Plaintiff three opportunities to

10  file an amended complaint that complied with the Federal Rules and Plaintiff failed to comply with

11  the prior orders.  The court dismissed Plaintiff's complaint finding that further leave to amend would

12  be futile.  (Id. at 25:2-3.)  Based upon the reasoning set forth in the Findings and Recommendations

13  and adopted by the District Court, Plaintiff may have set forth a cognizable claim in his Complaint,

14  but the court declined to shift through his allegations since it so clearly violated Rule 8.  This action

15  was dismissed for failure to comply with a court order, and not for failure to state a claim.

16       In K'napp v. Harrison, No. 2:06-cv-07702-JVS-RC (C.D.Cal. 2008), following defendants

17  filing a motion to dismiss, Plaintiff's complaint was dismissed for failing to comply with Rules 8(a)

18  and 10(b).  In the order dismissing the complaint, "the Court concluded plaintiff appears to have

19  adopted his own version of the 'spaghetti approach,' . . . heav[ing] the entire contents of a pot against

20  the wall in hopes that something would stick.  The Court, however, is not required to sort through

21  the noodles in search of a viable claim.  (ECF No. 116 at Exhibit E, 32:1-5.)  Plaintiff's second

22  amended complaint violated the court's order because it was not "short and plain." (Id. at 33:12-14.)

23  The action was dismissed with prejudice under Rule 41(b).  (Id. at 39.)  In adopting the Findings and

24  Recommendations, the court concluded that Plaintiff had knowledge of the pleading requirements

25  under Rule 8(a) and "affording plaintiff a further opportunity to state his claims in a proper manner

26  would be a pointless exercise.  (ECF No. 147, Exhibit F at 47:14-19.)  Based upon the evidence

27  before the Court, this action was dismissed because his complaint was not "a short and plain

28  statement," of his claim, and not for failure to state a claim.

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a

2  de novo review of this case.  Having carefully reviewed the entire file, the Court finds the Findings

3  and Recommendations to be supported by the record and by proper analysis.

4    Accordingly, IT IS HEREBY ORDERED that:

5    1.    The Findings and Recommendations, filed June 13, 2012, is adopted in full;

6    2.    Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status is denied; and

7    3.    This action is referred back to the Magistrate Judge.

8    IT IS SO ORDERED.

9
Dated:    August 3, 2012                                        _____

10                                                 CHIEF UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28