# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP,<br><br>              Plaintiff,<br><br>     v.<br><br>MATTHEW CATE, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:08-cv-01779-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR MODIFICATION OF THE SCHEDULING ORDER  (ECF No. 127)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER, STAYING DISCOVERY, AND REQUIRING PLAINTIFF TO FILE AN OPPOSITION OR A RULE 56(d) MOTION WITHIN THIRTY DAYS (ECF No. 129) |

Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the third amended complaint, filed September 29, 2010, against Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer for deliberate indifference to Plaintiff's need for single cell status in violation of the Eighth Amendment.  On September 21, 2012, Plaintiff filed a motion to modify the scheduling order.  (ECF No. 127.)  Defendants filed a motion for summary judgment and a motion for a protective order on September 25, 2012.  (ECF Nos. 128, 129.)

Defendants move for discovery in this action to be stayed pending the resolution of their motion for summary judgment.[1]  On September 7, 2012, Plaintiff served eleven sets of

---

[1] Although the Court would generally wait for Plaintiff's opposition to address Defendants' motion for a protective order, in this instance, the Court finds that Plaintiff's arguments for additional discovery would appropriately be addressed in a Rule 56(d) motion.

1

interrogatories. On September 12, 2012, Plaintiff served eleven requests for admissions. On September 17, 2012, Plaintiff served a second request for production of documents. Defendants argue that the discovery requests do not address the core issue in this action, which they contend is that Plaintiff was never removed from single cell status. Since this issue can be resolved without any further discovery, Defendants request that discovery be stayed pending resolution of their motion for summary judgment. Defendants state that none of Plaintiff's discovery requests are relevant to the determination of the motion for summary judgment.

The Court has reviewed Defendants motion for summary judgment and the issue of whether Plaintiff was single or double celled during the relevant time period is determinative in this action. Therefore, the Court finds that the burden of requiring Defendants to respond to Plaintiff's discovery requests is outweighed by any potential benefit to Plaintiff. Defendants' motion to stay discovery shall be granted. However, Plaintiff is entitled to discovery if it is necessary to oppose Defendants' motion for summary judgment. Fed. R. Civ. P. 56(d). If Plaintiff believes that he cannot oppose the motion for summary judgment on the merits, it is his burden to review Defendants' motion, determine what discovery is necessary to oppose the motion, and make the requisite showing in a Rule 56(d) motion.[2]

Based upon the stay of discovery in this action, Plaintiff's motion for modification of the scheduling order shall be denied. If this action survives summary judgment, the stay of discovery will be lifted and an amended scheduling order shall be issued.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a modification of the scheduling order, filed September 21, 2012, is DENIED;

/////

---

[2] Rule 56(d), formerly Rule 56(f), provides, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To prevail on a Rule 56(d) motion, Plaintiff must file a timely motion specifically identifying the relevant information sought, where there is some basis for believing that the information actually exists. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted). Plaintiff must demonstrate that the evidence sought actually exists and that it would prevent summary judgment. Blough, 574 F.3d at 1091 n.5 (quotation marks and citation omitted).

2. Defendants' motion for a protective order, filed September 25, 2012, is GRANTED;

3. Discovery in this action is STAYED pending resolution of Defendants' motion for summary judgment; and

4. Within thirty days from the date of service of this order, Plaintiff shall file an opposition to Defendants' motion for summary judgment or a Rule 56(d) motion.

IT IS SO ORDERED.

Dated:   September 25, 2012          /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE