# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | CASE NO. 1:08-cv-01779-AWI-BAM PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | (ECF No. 124) |

Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the third amended complaint, filed September 29, 2010, against Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer for deliberate indifference to Plaintiff's need for single cell status in violation of the Eighth Amendment. On July 16, 2012, an order issued granting Defendants' amended motion for a protective order. (ECF No. 117.) On July 27, 2012, Plaintiff filed objections to the Magistrate Judge's ruling and a motion for reconsideration. (ECF No. 120.) The Court construed the filing as a motion for reconsideration and an order issued denying the motion on August 3, 2012. (ECF No. 122.) On August 20, 2012, Plaintiff filed a motion for reconsideration of the order issued August 3, 2012, asserting that the Court incorrectly construed his motion as a motion for reconsideration and did not address his objections to the Magistrate Judge's order. Accordingly, Plaintiff's motion for reconsideration shall be granted, and the Court shall address Plaintiff's objections to the Magistrate Judge's order issued July 16, 2012.

1

1    The Magistrate Judge's decision on nondispositive pretrial issues is reviewed under the

2  clearly erroneous standard. <u>Bhan v. NME Hospitals, Inc.</u>, 929 F.2d 1404, 1414 (9th Cir. 1991); <u>see</u>

3  <u>also</u> Fed. R. Civ. P. 72(a) ("The district judge in the case must . . . set aside any part of the order that

4  is clearly erroneous or contrary to law.").

5    "Judicial supervision of discovery should always seek to minimize its costs and

6  inconvenience and to prevent improper uses of discovery requests." <u>SocieteNationale Industrielle</u>

7  <u>Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa</u>, 482 U.S. 522, 546 (1987).  Requests for

8  admissions are "first, to facilitate proof with respect to issues that cannot be eliminated from the

9  case, and second to narrow the issues by eliminating those that can be.  The rule is not to be used in

10  an effort to harass the other side. . . ." <u>Conlon v. United States</u>, 474 F.3d 616, 622 (9th Cir. 2007)

11  (citations omitted).  The purpose of requests for admissions "is to eliminate from the trial matters

12  as to which there is no genuine dispute." <u>People of the State of Cal. v. The Jules Fribourg</u>, 19 F.R.D.

13  432, 436 (N.D.Cal. 1955).  Although requests for admissions are not strictly speaking a discovery

14  device, <u>Safeco of America v. Rawstron</u>, 181 F.R.D. 441, 445 (C.D.Cal. 1998), the relevancy

15  standards of Federal Rule of Civil Procedure 26(b) apply, <u>Workman v. Chinchinian</u>, 807 F.Supp.

16  634, 647 (E.D.Wash. 1992).

17    Plaintiff sets forth thirteen grounds for the District Court to set aside the Magistrate Judge's

18  order.  The majority of Plaintiff's arguments are addressed by the requirement that requests for

19  admissions must be relevant to the claims at issue in this action.  This action is proceeding on

20  Plaintiff's claim that Defendants were deliberately indifferent by failing to provide him with single

21  cell status.  Federal Rule of Civil Procedure 36(a) provides that"[a] party may serve on any other

22  party a written request to admit, for the purposes of the pending action only, the truth of any matters

23  within the scope of Rule 26(b)(1). . . ."  Rule 26(b)(1) permits a party to obtain discovery that is

24  relevant to the parties claim or defense.

25    Since a party is only entitled to obtain discovery on matters relevant to the claims at issue in

26  this action, Plaintiff's requests that pertain to claims that have been dismissed from this action with

27  prejudice are outside of the scope of discovery here.  For example, Plaintiff's requests directed at his

28  American's With Disabilities Act ("ADA") claim or his claim that prison officials retaliated against

1  him for his mother's activity are not at issue in this action and requests for admission directed at the
2  defendant's knowledge of ADA elements or his mother or her organization are not calculated to lead
3  to admissible evidence in this action.  A review of Plaintiff's request for admissions shows that a
4  large portion of Plaintiff's requests for admissions address claims that have been dismissed from this
5  action, with prejudice.  While Plaintiff is correct that relevancy is to be broadly construed, his
6  requests for admissions that relate to claims that have been dismissed from this action with prejudice
7  are not calculated to lead to admissible evidence in this action.

8  Plaintiff argues that the Magistrate Judge did not address his objection that the Defendants
9  erred by arguing that the requests have no purpose other than to harass the Defendants, Defendants
10  did not establish annoyance, embarrassment, or oppression , or undue burden and expense.  In the
11  motion for a protective order, Defendants argued that responding to Plaintiff's requests would be
12  over burdensome and the requests appear to have no purpose other than to  harass the defendants by
13  requiring them to engage in busy work by responding to over 1000 duplicative requests.  Defendants
14  argue that the likely benefit is far outweighed by the burden and request an order limiting Plaintiff
15  to twenty five requests per defendant.  After reviewing Plaintiff's request for admission, the
16  Magistrate Judge did not err in finding that the burden of requiring Defendants to respond to
17  Plaintiff's 1100 request for admission that are largely irrelevant outweighs the potential benefit.

18  Plaintiff objects that the Magistrate Judge ordered that Plaintiff be limited to twenty five
19  requests for admission for each defendant without addressing Plaintiff's arguments in his objection
20  to the motion for a protective order.  The district court has broad discretion in controlling discovery.
21  Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  The Federal Rules of Civil Procedure provide
22  that a court may limit the number of interrogatories, depositions, or requests for an admissions that
23  a party may propound. Fed. R. Civ. P. 26(b)(2).  Further the Rule provides that "the court must limit
24  the frequency or extent of discovery otherwise allowed . . . if it determines that: i) the discovery
25  sought is unreasonably cumulative or duplicative, or can be obtained from some other source that
26  is more convenient, less burdensome, or less expensive" or "the burden or expense of the proposed
27  discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy,
28  the parties resources, the importance of the issues at stake in the action, and the importance of the

3

1  discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).  This action does not involve

2  complex legal or factual issues and based upon of the history of this litigation and Plaintiff's

3  attempts to continue to litigate the claims that have been dismissed from this action with prejudice,

4  the Magistrate Judge was within her discretion in limiting Plaintiff to twenty five interrogatories for

5  each defendant.

6        Plaintiff complains that since the Magistrate Judge did not address all his arguments he is no

7  better informed about propounding requests for admissions that Defendants could oppose on the

8  same grounds.  In propounding requests for admissions Plaintiff's requests should be simple and

9  concise, Safeco of America, 181 F.R.D. at 447, and only concern matters which are relevant in this

10  action and which are reasonably expected to be within the knowledge of the defendant, Jarosiewicz

11  v. Conlisk, 60 F.R.D. 121, 126-27 (N.D.Ill. 1973); see United States v. Asarco Inc., 471 F.Supp.2d

12  1063, 1065 (D.Idaho 2005) (granting protective order where requests for admission were not relevant

13  to issues in action or were not within the knowledge of the defendant).

14        The Court has carefully reviewed the file and considered all of Plaintiff's arguments and

15  finds the order issued July 16, 2012, was not clearly erroneous or contrary to law.  Fed. R. Civ. P.

16  72(a).

17        Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed

18  August 20, 2012, is GRANTED and Plaintiff's motion for relief from the July 16, 2012, order is

19  DENIED.

20  IT IS SO ORDERED.

21
22  Dated:    October 26, 2012                    _____

CHIEF UNITED STATES DISTRICT JUDGE

4