# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:08-cv-01779-AWI-BAM PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RELIEF FROM ADVERSE ORDERS OF MAGISTRATE JUDGES<br><br>(ECF Nos. 125, 126, 131)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY SUMMARY JUDGMENT<br><br>(ECF No. 132) |

**I.　Procedural History**

Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the third amended complaint, filed September 29, 2010, against Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer for deliberate indifference to Plaintiff's need for single cell status in violation of the Eighth Amendment. On August 31, 2012, Plaintiff filed a motion for reconsideration of the rulings of the five Magistrate Judges that have issued orders in this action prior to this action being reassigned to the undersigned on June 11, 2012, based upon Defendants decision to decline Magistrate Judge jurisdiction. (ECF No. 125.) On September 20, 2012, Defendants filed an opposition to the motion. (ECF No. 126.)

On September 25, 2012, Defendants filed a motion for summary judgment and motion for a protective order. (ECF No. 128, 129.) An order issued on September 26, 2012, staying the

discovery in this action, and requiring Plaintiff to file an opposition to the motion for summary judgment or a Rule 56(d) motion within thirty days. (ECF No. 130.) Plaintiff filed a reply to Defendants' opposition on September 27, 2012. (ECF NO. 131.) On October 18, 2012, Plaintiff filed a motion to stay further proceedings on Defendants' motion for summary judgment. (ECF No. 132.) On October 23, 2012, Defendants filed an opposition to the motion to stay further proceedings. (ECF No. 133.)

**II.     Plaintiff's Motion for Relief**

Plaintiff argues that his motion to withdraw his consent to the jurisdiction of a magistrate judge was wrongly denied and moves pursuant to Federal Rule of Civil Procedure 60 to be relived of the dispositive and nondispositive orders issued in this action prior to the reassignment to the undersigned. (ECF Nos. 14, 18, 22, 26, 27, 33, 34, 40, 59, 60, 63, 72, 77, 83.[1])

Plaintiff argues that he did not consent to any magistrate judge other than Judge Wunderlich. The Ninth Circuit recently addressed this issue regarding the consent form used by this district in Wilhelm v. Rotman, 680 F.3d 1113 (9th Cir. 2012). Plaintiff returned the consent form in which he checked the box that stated, "The undersigned voluntarily consents to have a United States Magistrate judge conduct all further proceedings in this case." (ECF No. 5.) Although the wording on the form stated that Judge Wunderlich had been randomly assigned to this action, that does not limit the consent to the issuing judge. Wilhelm, 680 F.3d at 1118 n.4. Plaintiff's consent did not "retire" with Judge Wunderlich. Further, the Court fails to be persuaded by Plaintiff's argument that he was coerced to consent because of the conditions of his confinement and he was proceeding pro se. Plaintiff voluntarily consented to the jurisdiction of a magistrate judge. Plaintiff argues that Judge Wunderlich did not have proper jurisdiction because none of the other parties to this action had consented. However, no other parties had appeared in this action, and the magistrate judge's appropriately had jurisdiction based on Plaintiff's consent.

Plaintiff argues that his motion to withdraw his consent was inappropriately decided by the Magistrate Judge. The undersigned shall consider the order issued denying Plaintiff's motion to

---

[1] Plaintiff's motion for reconsideration of these orders was denied on August 3, 2012. (ECF No. 121.)

2

withdraw his consent as a recommendation by the Magistrate Judge.  Plaintiff argues "newly found evidence" that Judge Wunderlich was censored for keeping a noose in his chambers.  Plaintiff's stated facts concerning Judge Wunderlich do not show extraordinary circumstances entitling Plaintiff to withdraw his consent.  See 28 U.S.C. § 636(c)(4).  At the time Plaintiff's motion was considered Judge Wunderlich had retired from the bench and this action had been reassigned to Judge Austin.  Having carefully reviewed the file, the undersigned finds the recommendations of the Magistrate Judge to be supported by the record and by proper analysis.  Plaintiff's motion to withdraw his consent is denied.

### III.     Motion to Stay Proceedings on Motion for Summary Judgment

Plaintiff requests that the Court stay Defendants' motion for summary judgment until his pending motions for reconsideration have been decided.  Concurrently with this order, the Court has issued an order on Plaintiff's motion for reconsideration of the discovery order of the magistrate judge.

Plaintiff also brings this motion on the ground that Defendants' conduct is sanctionable under Federal Rule of Civil Procedure 11 and states he is presenting Defendants with the opportunity to withdraw the motion.  Defendants reply that they will not withdraw the motion for summary judgment and have a right to have the motion heard promptly to be spared the further burden and expense of this litigation.  The Magistrate Judge has reviewed Defendants' motion and found that the motion has merit and if granted will be dispositive of this action.  Accordingly, Plaintiff's motion for a temporary stay is denied.

### III.     Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for relief from adverse orders of magistrate judge's wrongly adjudicating dispositive and nondispositive pretrial matters without parties proper consent or review by Article III district judge, filed August 31, 2012, is DENIED;

2. Plaintiff's motion to withdraw his consent, filed April 27, 2009, is DENIED; and

///

///

3. Plaintiff's motion to stay further proceedings on Defendants' motion for summary judgment, filed October 18, 2012, is DENIED.

IT IS SO ORDERED.

Dated:     October 26, 2012                                              _____
                                                                          CHIEF UNITED STATES DISTRICT JUDGE