# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | CASE NO. 1:08-cv-01779-AWI-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE SUMMARY JUDGMENT |
| v. | (ECF Nos. 140) |
| MATTHEW CATE, et al., | OPPOSITION DUE WITHIN THIRTY DAYS |
| Defendants. | |

Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the third amended complaint, filed September 29, 2010, against Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer for deliberate indifference to Plaintiff's need for single cell status in violation of the Eighth Amendment.

On September 25, 2012, Defendants filed a motion for summary judgement and motion for a protective order, and an order issued on September 26, 2012, staying the discovery in this action and ordering Plaintiff to file a response to the motion for summary judgement within thirty days. (ECF Nos. 128, 129, 130.) On November 29, 2012, Plaintiff filed a rule 56(d) motion. (ECF No. 140.) Plaintiff brings this motion on the grounds that he has diligently pursued discovery and cannot present evidence that Defendants knew he was at a serious risk of harm by being required to double cell.

1  Pursuant to Federal Rule of Civil Procedure 56(d) when

2      a nonmovant shows by affidavit or declaration, that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;

    (2) allow time to obtain affidavits or declarations or to take discovery; or

    (3) issue any appropriate order.

Rule 56(d) requires discovery "where the non-moving party has not had the opportunity to discover information that is essential to its opposition." Roberts v. McAfee, Inc., 660 F.3d 1156, 1169 (9th Cir. 2011) (citations omitted). The party seeking the continuance "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought after facts are 'essential' to resist the summary judgment motion." California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). In making a Rule 56[d] motion, a party opposing summary judgment, "must make clear what information is sought and how it would preclude summary judgment." Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (quoting Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). The party seeking to conduct additional discovery has the burden of setting forth sufficient facts to show that the evidence sought exists. Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987).

Plaintiff states that he needs further discovery to obtain evidence regarding the state of mind of the defendants in denying him single cell status. However, the issue raised in the motion for summary judgment is that Plaintiff was not denied single cell status from July 31, 2008, through November 16, 2008, when he was transferred for mental health treatment. Therefore, whether Defendants knew that Plaintiff was at a risk of serious harm will not preclude summary judgment in this instance. Since the only issue is whether Plaintiff was double celled during the time period

/////
////
////
////

from July 31, 2008 through November 16, 2008, Plaintiff's motion for a continuance of Defendants' motion for summary judgement is HEREBY DENIED.  Within thirty days from the date of service of this order, Plaintiff shall file an opposition to Defendants' motion for summary judgment.

IT IS SO ORDERED.

**Dated:**   **November 30, 2012**                                    /s/ **Barbara A. McAuliffe**
                                                                                  UNITED STATES MAGISTRATE JUDGE