# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY KNAPP,

           Plaintiff,

    v.

MATTHEW CATE, et al.,

           Defendants.

_____/

CASE NO. 1:08-cv-01779-AWI-BAM PC

ORDER DENYING OBJECTIONS BY PLAINTIFF TO THE MAGISTRATE JUDGE'S NONDISPOSITIVE PRETRIAL ORDER DENYING RULE 56(d) MOTION

(ECF No. 142)

OPPOSITION DUE WITHIN FORTY-FIVE DAYS

Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the third amended complaint, filed September 29, 2010, against Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer for deliberate indifference to Plaintiff's need for single cell status in violation of the Eighth Amendment.

On September 25, 2012, Defendants filed a motion for summary judgment and motion for protective order requesting a stay of discovery in this action because they had discovered that Plaintiff was not denied single cell status during the time period relevant in this action.  (ECF Nos, 128, 129.)  An order issued on September 26, 2012, staying the discovery and requiring Plaintiff to file an opposition to the motion for summary judgment or motion to stay the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d).  (ECF No. 130.)  On October 18, 2012, Plaintiff filed a motion to stay the motion for summary judgment which was denied in an order on October 29, 2012.  (ECF No. 132, 135.)  On November 8, 2012, Plaintiff filed a motion to vacate

1    the order denying the stay. (ECF No. 138.)  An order issued denying the motion to vacate the order

2    on November 27, 2012. (ECF NO. 139.)  On November 29, 2012 Plaintiff filed a motion to continue

3    the motion for summary judgment, which was denied on November 30, 2012. (ECF No. 141.)  On

4    December 10, 2012, Plaintiff filed an objection the order denying the motion to continue summary

5    judgment. (ECF No. 142.)

6          Plaintiff objects to the order denying his motion to lift the stay on discovery in this action and

7    to continue the motion for summary judgment on the grounds that it is clearly erroneous and contrary

8    to law.  (Objections by Plaintiff to the Magistrate Judge's Nondispositive Pretrial Order Denying

9    Rule 56(d) Motion 1, ECF No. 142.)  Plaintiff states that the Magistrate Judge erred in finding that

10   this action is proceeding on the claim he was denied single cell status.  The screening order found

11   that Defendants were deliberately indifferent to his need for single cell status and thus the cognizable

12   claim is against Defendants more generally for deliberate indifference in violation of the Eighth

13   Amendment.  Plaintiff argues that he never alleged that Defendants refused to grant him single cell

14   status, took him off single cell status, or actually double celled him during the relevant time period.

15   (Id. at 3.)  Further, the ruling is contrary to law because the court has not held that this action is

16   confined to just some of the acts or omissions alleged in the third amended complaint.  (Id. at 5.)

17         The Magistrate Judge's decision on nondispositive pretrial issues is reviewed under the

18   clearly erroneous standard.  Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991); see

19   also Fed. R. Civ. P. 72(a) ("The district judge in the case must . . . set aside any part of the order that

20   is clearly erroneous or contrary to law.").

21         A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1)

22   "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'"

23   and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391

24   F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)

25   (citation omitted)).  In order to find a prison official liable under the Eighth Amendment for denying

26   humane conditions of confinement within a prison, the official must know "that inmates face a

27   substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to

28   abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Construing Plaintiff's third amended complaint liberally, the Magistrate Judge found that

> Plaintiff's allegations that Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, and Otto were present at a hearing regarding his housing status, were aware of Plaintiff's serious mental health and medical issues, and refused to house him in a single cell; and Defendants Semsen, Lyons, and Esquer received Plaintiff's grievances and appeals regarding the denial of single cell status and failed to grant his requests are sufficient to state a cognizable claim under the Eighth Amendment.

(Order Dismissing Certain Claims and Defendants 8:21-26, ECF No. 60.)

The screening order made it clear that it was the refusal to house Plaintiff in a single cell that stated a cognizable claim.  If factual allegations had been included that Plaintiff was not denied single cell status, as Plaintiff currently argues, then the third amended complaint would have failed to state a cognizable claim because there would have been no act or failure to act that would have caused Plaintiff harm.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Further the order dismissed all other claims in the complaint, with prejudice for failure to state a claim.  (ECF No. 60 at 18.)  The Magistrate Judge did not clearly err in denying Plaintiff's motion to continue summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's request for reconsider under Local Rule 303 is DENIED, with prejudice;

2.   No further motions for reconsideration of this order shall be considered;

3.   Within forty-five days from the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to Defendants' motion for summary judgment;

4.   No further extensions of time to file an opposition to Defendants' motion for summary judgment shall be granted; and

5.   If Plaintiff fails to file a response in compliance with this order, this action may be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   January 12, 2013

SENIOR DISTRICT JUDGE