# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | ) 1:08-cv-01779-AWI-BAM (PC) |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTIONS FOR EXTENSION OF TIME TO |
| | ) FILE OPPOSITION TO MOTION FOR |
| | ) SUMMARY JUDGMENT |
| v. | ) (ECF Nos. 147, 148, 149) |
| | ) |
| | ) FINDINGS AND RECOMMENDATIONS (1) |
| MATTHEW CATE, et al., | ) DENYING PLAINTIFF'S MOTIONS FOR |
| | ) INJUNCTIVE RELIEF; (2) DENYING |
| | ) PLAINTIFF'S MOTION FOR |
| Defendants. | ) APPROPRIATE SANCTIONS TO BE |
| | ) IMPOSED AGAINST DEFENDANTS |
| | ) AND/OR DEFENDANTS' COUNSEL; AND |
| | ) (3) GRANTING DEFENDANTS' MOTION |
| | ) FOR SUMMARY JUDGMENT |
| | ) (ECF Nos. 128, 143, 147, 148, 149) |

## I.     Introduction

Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the third amended complaint, filed September 29, 2010, against Defendants Koenig, Pate, Otto, Backlund, Robertson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer for deliberate indifference to Plaintiff's need for single cell status in violation of the Eighth Amendment.

Currently before the Court are the following motions:  (1) Defendants' motion for summary judgment, which was filed on September 25, 2012; (2) Plaintiff's motion for sanctions to be imposed against Defendants and/or Defendants' counsel; (3) Plaintiff's first request for

extension of time to file opposition to Defendants' motion for summary judgment and request for injunction under All Writs Act filed on March 4, 2013; (4) Plaintiff's renewed application for first enlargement of time to file opposition to motion for summary judgment and renewed motion for relief under All Writs Act filed on March 29, 2013; and (5) Plaintiff's motion for notice and ruling regarding unacknowledged previous motions for enlargement of time and injunctive relief filed on April 25, 2013.

## II.     Plaintiff's Requests for Extension of Time to File Opposition to Defendants' Motion for Summary Judgment

### A.  Procedural Background

On September 25, 2012, Defendants filed a motion for summary judgment and motion for protective order requesting a stay of discovery in this action because they had discovered that Plaintiff was not denied single cell status during the time period relevant in this action.  (ECF Nos. 128, 129.)  On September 26, 2012, the Court stayed discovery and required Plaintiff to file either (1) an opposition to the motion for summary judgment or (2) a motion to stay the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d).  (ECF No. 130.)  On October 18, 2012, Plaintiff filed a motion to stay the summary judgment motion.  (ECF No. 132.)  The Court denied Plaintiff's motion for a stay on October 29, 2012.  (ECF No. 135.)  Thereafter, on November 8, 2012, Plaintiff filed a motion to vacate the order denying the stay. (ECF No. 138.)  On November 27, 2012, the Court denied Plaintiff's motion to vacate and ordered Plaintiff to file a response to Defendants' motion for summary judgment within thirty days.  (ECF No. 139.)  On November 29, 2012, Plaintiff then filed a motion to continue the summary judgment motion.  (ECF No. 140.)  The Court denied the motion to continue on November 30, 2012, and ordered Plaintiff to file an opposition to the motion for summary judgment within thirty days.  (ECF No. 141.)  On December 10, 2012, Plaintiff filed objections to the Court's denial of his motion to continue summary judgment.  (ECF No. 142.)  On January 14, 2013, the Court denied Plaintiff's objections and ordered Plaintiff to file an opposition or statement of non-opposition to Defendants' motion for summary judgment within forty-five days.  The Court informed Plaintiff that no further extension of time to file an opposition to

1  Defendants' motion for summary judgment would be granted.  The Court also warned Plaintiff
2  that if he failed to file a response in compliance with the Court's order, this action may be
3  dismissed.  (ECF No. 144.)

4          On March 4, 2013, Plaintiff filed the instant request for an extension of time to file an
5  opposition to Defendants' motion for summary judgment, along with a request that the Court
6  order the California Department of Corrections and Rehabilitation ("CDCR") and the Warden of
7  Sierra Conservation Center ("SCC") to ensure that Plaintiff is not further impaired in his ability
8  to comply with the Court's orders.  (ECF No. 147.)  Plaintiff acknowledged the Court's January
9  14, 2013 order regarding further extensions of time, but argued that he never asked the Court for
10 an extension of time to file an opposition to Defendants' motion for summary judgment.
11 Plaintiff explained that for a month after receiving the Court's order he was impaired from
12 working on his opposition due to "prior and more pressing legal obligations."  (ECF No. 147.)
13 Plaintiff also asserted that he could not work on his opposition because CDCR employees caused
14 and allowed him to suffer severe and debilitating physical and mental pain nearly every day and
15 night, he had significantly limited law library access, he had to exhaust administrative remedies,
16 and he could not write with his typewriter for more than one-third of each day due to noise
17 restrictions.  Plaintiff claimed that he had been feverishly working on his opposition, while
18 suffering significant loss, deprivation and denial of his normal daily activities, along with other
19 needs, privileges and immunities.  He asserted that he had multiple other duties, responsibilities,
20 commitments and obligations that he needed and wanted to attend to in addition to completing
21 his opposition to the motion.

22         On March 29, 2013, Plaintiff filed a renewed request for an extension of time to file an
23 opposition to the motion for summary judgment, and a renewed request for an injunction.  (ECF
24 No. 148.)  Plaintiff indicated that he ceased working on any opposition because of his prior
25 request for an extension of time.

26         On April 25, 2013, Plaintiff filed a motion requesting a ruling on his motion for an
27 extension of time and request for an injunction.  (ECF No. 149.)

28 ///

**B.  Discussion**

The Court does not find good cause to extend the deadline for Plaintiff to file his opposition to Defendants' motion for summary judgment.  Fed. R. Civ. P. 6(b)(1).  Plaintiff has been provided multiple opportunities to file his opposition, but has instead chosen to file at least nine other motions, including the March 2013 request for an extension of time.  At every turn, Plaintiff has attempted to forestall resolution of the motion for summary judgment.

Further, the Court does not find that Plaintiff's physical or mental impairments or other matters provide good cause to extend the deadline.  Plaintiff's own motion for an extension of time belies his assertion that his physical, mental and emotional issues or other matters have prevented him from completing his opposition.  Indeed, Plaintiff's initial motion included 10 typewritten pages of points and authorities, a 12-page declaration, a typewritten list of exhibits, and exhibits totaling more than 100 pages.  (ECF No. 147.)  That Plaintiff had sufficient time and ability to file such an extensive motion contradicts his arguments concerning his inability to prepare an opposition, including his argument that he could not use his typewriter for 1/3 of each day.  Further, Plaintiff's motion and exhibits suggest that Plaintiff has been assisting other inmates rather than focusing on the resolution of this action.  See, e.g., Carter v. Dawson, 2011 WL 2160566, *2 (E.D. Cal. June 1, 2011) (warning prisoner that having limited access to a computer, or being preoccupied by preparing pleadings in other cases does not constitute "good cause").

Moreover, the Court does not find good cause to extend the time to respond because the motion for summary judgment is limited to a single issue; that is, whether Plaintiff was denied single cell status.  An opposition merely requires Plaintiff to establish that there is a genuine dispute as to his single cell status.  Fed. R. Civ. P. 56.  The Court's January 2013 order provided more than forty-five days to file an opposition, which was more than sufficient time to respond to the narrow issue before the Court.  This is particularly true given that as of January 2013 Defendants' motion for summary judgment had been pending for more than three months.

For the reasons stated, Plaintiff's multiple requests for an extension of time are DENIED.

///

4

### III.     Plaintiff's Requests for an Injunction

Each of Plaintiff's requests for an extension of time included a request that the Court issue an order requiring CDCR Secretary Beard and SCC Warden/CEO Lackner to ensure that Plaintiff is not further unduly impaired in his ability to comply with this Court's orders.  (ECF Nos. 147, pp. 8-9; 148, pp. 2-3; and 149, pp. 1, 4.)

Plaintiff's requests for an order are a form of injunctive relief.  A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, Inc., 55 U.S. 7, 20, 129 S.Ct. 365, 376 (2008) (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).  Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

Plaintiff's action concerns allegations that Defendants Koenig, Pate, Otto, Backlund, Robertson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer were deliberately indifferent to Plaintiff's need for single cell status in violation of the Eighth Amendment.  CDCR is not a party to this action.  CDCR Secretary Beard and SCC Warden/CEO Heidi Lackner also are not parties to this action.  The Court thus lacks jurisdiction to issue the requested relief.  Accordingly, the Court recommends that Plaintiff's requests for injunctive relief be denied.

## IV.    Plaintiff's Motion for Appropriate Sanctions to Be Imposed Against Defendants and/or Defendants' Counsel

On January 2, 2013, Plaintiff filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 against Defendants and/or Defendants' counsel for filing a factually baseless and legally frivolous motion for summary judgment.  (ECF No. 143.)  Defendants filed an opposition on January 15, 2013.  (ECF No. 145.)  Plaintiff replied on January 25, 2013.  (ECF No. 146.)  The motion is deemed submitted.  Local Rule 230(l).

### A.  Legal Standard

Federal courts have broad powers to impose sanctions against parties or counsel for improper conduct in litigation. Rule 11(b) of the Federal Rules of Civil Procedure provides that "[b]y presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; . . . [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir.2002) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988) (citations omitted)).

### B.  Discussion

Plaintiff brings this motion for sanctions on the grounds that Defendants' motion for summary judgment is factually frivolous.  First, Plaintiff argues that Defendants have incorrectly asserted that the Court has limited this action to a cognizable claim for refusing to house Plaintiff in a single cell.  Plaintiff believes that the Court found that this action is based on a much broader claim for deliberate indifference in violation of the Eighth Amendment.  (ECF No. 143, p. 13.) Plaintiff also believes that this Court has "affirmed that Plaintiff's Eighth Amendment claims

against Defendants have absolutely nothing to do with whether Defendants actually double-celled him between 7/31/08 and 11/16/08 . . . ."  (ECF No. 143, p. 13.)

Plaintiff correctly notes that the Court's screening order, issued on August 8, 2011, stated, "This action shall proceed on Plaintiff's third amended complaint, filed December 17, 2010, against Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, Semsen Lyon, and Esquer for deliberate indifference in violation of the Eighth Amendment . . . ."  (ECF No. 60, p. 18.)  However, Plaintiff overlooks the Court's discussion of the contours of Plaintiff's Eighth Amendment claim.  In particular, the Court found as follows:

> Plaintiff's allegations that Defendants Koenig, Pate, Otto, Backlund, Roberson, Clay, Gibb, Hannah, and Otto were present at a hearing regarding his housing status, were aware of Plaintiff's serious mental health and medical issues, and refused to house him in a single cell; and Defendants Semsen, Lyons, and Esquer received Plaintiff's grievances and appeals regarding the denial of single cell status and failed to grant his requests are sufficient to state a cognizable claim under the Eighth Amendment.

(ECF No. 60, p. 8.)  Based on the Court's order, Plaintiff's Eighth Amendment claim is limited to the issue of his single cell status.  Contrary to Plaintiff's arguments, the Court has affirmed that this action relates to whether Plaintiff was double-celled between July 2008 and November 2008.  Therefore, Defendants' assertion that Plaintiff's claim is limited to the issue of single cell status is not a misstatement of fact.

Second, Plaintiff contends that, contrary to Defendants' claims, his allegations do not center on the Institutional Classification Committee ("ICC") hearing of November 13, 2008.  Plaintiff argues that his claims "arise from and concern all of Defendants' acts and omissions" as alleged in his third amended complaint.  Again, Plaintiff overlooks the Court's limitation of his Eighth Amendment claim to the issue of whether Defendants refused him single cell status in deliberate indifference to his medical and mental health needs.  Plaintiff also mischaracterizes Defendants' summary of the facts in their motion for summary judgment.  It is evident that Defendants' motion for summary judgment encompasses multiple hearings directly related to Plaintiff's claim regarding single cell status, including evidence of a UCC hearing on August 13,

2008, and ICC hearings on November 13, 2008, and December 18, 2008.  (ECF Nos. 128, p. 3; 128-1, ¶¶ 4, 7, 11; 128-2, Exs. A, B, D.)

Third, Plaintiff contends that he does not allege that Defendants' comments at either the August 2008 UCC hearing or the November 2008 ICC hearing were believed to be disparaging. (ECF No. 143, p. 14.)  In the motion for summary judgment, Defendants stated, "K'napp alleges that Defendants made various comments at the ICC hearing on November 13, 2008, which he believed to be disparaging."  (ECF No. 128, p. 5.)  Defendants cited Plaintiff's third amended complaint, which contains allegations that Defendants Clay, Gibb, Hannah and Otto caused Plaintiff severe mental anguish and emotional distress by making certain statements at the November 2008 ICC hearing.  (ECF No. 37, 15:1-16.)  The Court does not find that Defendants' characterization of Plaintiff's allegations is a misstatement of fact.  Moreover, the Court has already determined that "Plaintiff's allegations that Defendants subjected him to mental anguish and emotional distress by statements made during the hearings do not rise to the level of a constitutional violation."  (ECF No. 60, p. 9.)

Plaintiff also alleges that Defendants' motion for summary judgment is legally frivolous. However, Plaintiff's argument is based on the premise that his Eighth Amendment claim is broader than the issue of single cell status.  (ECF No. 143, pp.15-17.)  As noted above, Plaintiff is incorrect.  Thus, Defendants' motion seeking summary judgment on Plaintiff's Eighth Amendment claim related to single cell status is not legally frivolous.

Plaintiff further argues that Defendants' summary judgment motion was brought for an improper purpose; that is, to avoid engaging in discovery with Plaintiff and to unreasonably multiply these proceedings.  However, it is evident that the motion for summary judgment is intended to resolve the sole claim in this action at the earliest possible point without requiring either of the parties to engage in unnecessary discovery.

As a final matter, Plaintiff contends that the motion for summary judgment is brought in bad faith to avoid providing Plaintiff with discovery and to harass and to oppress Plaintiff. Plaintiff presents nothing but conclusory statements to support his contention.  As noted above,

1    the Court finds that Defendants filed their motion for summary judgment in an effort to

2    streamline this action and, if successful, conserve the resources of this Court and the parties.

3        Based on the above, the Court recommends that Plaintiff's motion for sanctions be

4    denied.

5    **V.    Defendants' Motion for Summary Judgment**

6        **A. Background**

7        As noted above, this action is proceeding on Plaintiff's third amended complaint, filed

8    September 29, 2010, against Defendants Koenig, Pate, Otto, Backlund, Robertson, Clay, Gibb,

9    Hannah, Semsen, Lyons, and Esquer for deliberate indifference to Plaintiff's need for single cell

10   status in violation of the Eighth Amendment.  (ECF Nos. 37, 60, 61.)

11       Currently before the Court is Defendants' motion for summary judgment filed on

12   September 25, 2012.  (ECF No. 128.)  Plaintiff did not file a timely opposition.  The motion is

13   deemed submitted.  Local Rule 230(l).

14       **B.    Legal Standard for Summary Judgment**

15       Pursuant to Federal Rule of Civil Procedure 56(a) summary judgment is appropriate

16   when the movant shows that there is no genuine dispute as to any material fact and the movant is

17   entitled to judgment as a matter of law.  Summary judgment must be entered, "after adequate

18   time for discovery and upon motion, against a party who fails to make a showing sufficient to

19   establish the existence of an element essential to that party's case, and on which that party will

20   bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  However,

21   the court is to liberally construe the filings and motions of pro se litigants.  Thomas v. Ponder,

22   611 F.3d 1144, 1150 (9th Cir. 2010).  The "party seeking summary judgment always bears the

23   initial responsibility of informing the district court of the basis for its motion, and identifying

24   those portions of the pleadings, depositions, answers to interrogatories, and admissions on file,

25   together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue

26   of material fact."  Celotex, 477 U.S. at 323 (internal quotations and citations omitted).

27       If the moving party meets its initial responsibility, the burden then shifts to the opposing

28   party to establish that a genuine issue as to any material fact actually does exist.  Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.

The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record for consideration.  Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).  The Court will not undertake to scour the record for triable issues of fact. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1017 (9th Cir. 2010).

In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties.  Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection.  This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

### 1.   Summary of Relevant Allegations in Third Amended Complaint ("TAC")

In his third amended complaint, Plaintiff alleges that in March of 1996, he was diagnosed as suffering post-traumatic stress disorder ("PTSD"), depression, and other stress and anxiety related mental ailments. (TAC 5:18-20.)  Plaintiff's PTSD makes it difficult for him to perform major life activities when he is forced to be celled with another inmate.  These activities include sleeping, dressing, showering, using the toilet, relaxing, concentrating, reading, writing, praying, meditating, or feeling safe and secure.  (TAC 5:25-6:4.)  Plaintiff also suffers from physical injuries making it painful and embarrassing for him to defecate.  (TAC 6:5-9.)  When required to double cell in the past, Plaintiff has become anxious, depressed and suicidal. (TAC 6:20-29.) Following a suicide attempt in February 2003, CDCR began housing Plaintiff on single-cell status.  (TAC 8:19-22.)

On August 13, 2008, Plaintiff appeared at a UCC hearing attended by Defendants Koenig, Pate, Otto, Backlund, and Robertson.  At the hearing, Plaintiff was informed that inmates are not single celled at SCC.  Plaintiff was forced to relive deeply painful traumas by relating the mistreatment he has suffered since being incarcerated in March 1994.  Plaintiff was informed that PTSD did not qualify him for single cell status and was not a recognized disability under the ADA, was not a reasonable and necessary accommodation of PTSD, that the trauma he described was not documented in his permanent prison records, and that if he wanted single cell status he would have to be transferred to a cell farther away from his disabled mother and the Sacramento area.  (TAC 12:18-13:6.)

After the hearing, Plaintiff alleges that Defendants Koenig and Pate generated a CDC 128-G form containing false and inaccurate statements. (TAC 13:7-12.)  On August 19, 2008, Plaintiff reported what had occurred during the August 13, 2008 hearing directly to CDCR Secretary Cate and Defendant Clay, but they did not respond or acknowledge Plaintiff's complaint. (TAC 13:13-15.)  Plaintiff filed a grievance on September 10, 2008, regarding the false and inaccurate CDC 128-G form. (TAC 13:16-19.)  Defendants Lyons, Esquer, and Appeals Chief Grannis rejected Plaintiff's grievances on false procedural grounds.  (TAC 13:20-23.)  Defendants Pate and Semsen, along with Associate Warden Rawlinson and Chavez, adjudicated Plaintiff's grievance and ratified the violations of Plaintiff's rights. (TAC 13:24-28.)

On September 18, 2008, Plaintiff filed a grievance and also notified CDCR Secretary Cate that his grievances were rejected on false procedural grounds and that Defendants Pate and Semsen, along with Associate Warden Rawlinson and Chavez, ratified the violations of Plaintiff's rights. (ECF No. 37, p. 14:1-5.)  Defendants Lyons and Esquer rejected his grievance on false procedural grounds. (ECF No. 37, p. 14:6-11.)  On September 25, 2008, Plaintiff filed a grievance regarding the rejection of his prior grievances by Defendants Esquer and Lyons. (TAC 14:12-14.)

On November 12, 2008, Plaintiff's mother complained to CDCR Secretary Cate and Defendant Clay about the hearing on August 13, 2008, and that Plaintiff's grievances were being rejected. (TAC 14:20-23.)

On November 13, 2008, Plaintiff attended an ICC hearing in which Defendants Clay, Gibb, Otto, and Hannah participated. (TAC 14:24-26.)  Plaintiff was told that his single cell status had been revoked and that he would be double celled. (TAC 15:1-16.)  Plaintiff filed an emergency appeal on November 16, 2008, that was fraudulently rejected by Defendants Lyons and Semsen. (TAC 15:20-25.)

## 2.   Statement of Undisputed Material Facts ("UMF")

Plaintiff failed to file a timely opposition to the motion for summary judgment.  Plaintiff also failed to file a separate statement of disputed facts or statement admitting or denying the facts set forth by Defendants as undisputed.[1]  Local Rule 260(b).  Accordingly, Defendants' statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified third amended complaint.  Jonas v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence).

1.   On July 31, 2008, Plaintiff arrived at SCC.  (TAC 11:23.)

2.   Prior to his arrival at SCC, Plaintiff was on single cell status.  (TAC 11:20-22; Ex. A to Declaration of Amy Heusel.)

3.   Plaintiff attended a UCC on August 13, 2008.  (TAC 12:14-17; Ex. A to Heusel Dec.)

4.   The UCC did not find that Plaintiff met the criteria for single cell status, but nevertheless continued Plaintiff on single cell status.  (Ex. A to Heusel Dec.)

5.   The UCC decided to refer the case to the ICC for review of Plaintiff's single cell status.  (Ex. A to Heusel Dec.)

6.   Plaintiff was brought to ICC on November 13, 2008.  (TAC 14:24-28; Ex. B to Heusel Dec.)

7.   The ICC elected to continue Plaintiff's single cell status pending review by an Interdisciplinary Treatment Team ("IDTT").  (Ex. B to Heusel Dec.)

8.   Plaintiff was seen by the IDTT on December 4, 2008. (Ex. C to Heusel Dec.)

---

[1]      Concurrent with Defendants' Motion for Summary Judgment, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. (ECF No. 128-3); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

9.   The IDTT committee decided to maintain Plaintiff's single cell status.  (Ex. C to Heusel Dec.)

10.  Plaintiff returned to ICC on December 18, 2008. (Ex. D to Heusel Dec.)

11.  The ICC decided to keep Plaintiff on single cell status based on the IDTT's recommendation. (Ex. D to Heusel Dec.)

12.  Plaintiff also was recommended for transfer to an institution with an Enhanced Outpatient Program (EOP) for mental health treatment. (Ex. D to Heusel Dec.)

### B.  Discussion

To prove a violation of the Eighth Amendment, Plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety."  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate indifference requires a showing that "prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety" and that there was "no reasonable justification for the deprivation, in spite of that risk."  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

This action proceeds on Plaintiff's Eighth Amendment claim that Defendants refused him single cell status, or denied his appeal requests for single cell status, despite being aware of Plaintiff's serious mental health and medical issues.  However, the undisputed evidence demonstrates that Plaintiff was never removed from single cell status during the period at issue from July 31, 2008 through November 16, 2008.

Specifically, the evidence shows that Plaintiff was on single cell status prior to his arrival at SCC on July 31, 2008.  (UMF 1, 2.)  On August 13, 2008, shortly after his arrival, the UCC reviewed Plaintiff's active single cell status.  The UCC continued Plaintiff's single cell status pending review by the ICC.[2]  (UMF 3, 4, 5.)  On November 13, 2008, the ICC reviewed Plaintiff's single cell status.  The ICC continued Plaintiff's single cell status pending review by

---

[2]     Although Plaintiff claims that Defendants Koenig and Pate made "false and inaccurate statements" in the UCC's written findings, Plaintiff does not identify the purportedly false or inaccurate statements.  (TAC 13:7-12.) In particular, Plaintiff does not allege that the UCC's written approval of his single cell status was false or inaccurate.  Accordingly, Plaintiff does not a raise a genuine dispute of material fact.

the IDTT.  (UMF 6, 7.)  On December 4, 2008, the IDTT reviewed Plaintiff's single cell status

and recommended that it remain in place.  (UMF 8, 9.)  Plaintiff then returned to the ICC on

December 18, 2008.  At that time, the ICC followed the IDTT recommendation and maintained

Plaintiff on single cell status.  (UMF 10, 11.)  Plaintiff has not presented any evidence to raise a

genuine dispute of material fact that he was removed from single cell status in the period

between July 31 and December 18, 2008.  In the factual context of this case, Plaintiff's mere

allegations to the contrary are insufficient to create a factual dispute for purposes of summary

judgment.  Nelson v. Pima Cmty. Coll., 83 F.3d 1075, 1081-82 (9th Cir. 1996).

       As it is undisputed that Plaintiff was never removed from single cell status, Defendants

could not have been deliberately indifferent to his mental health and medical needs for single cell

status in violation of the Eighth Amendment.  Therefore, the Court recommends that Defendants

be granted summary judgment and that this case be dismissed in its entirety.

## VI.    Conclusion and Recommendation

       Based on the above, IT IS HEREBY ORDERED that Plaintiff's motions for an extension

of time to file an opposition to Defendants' motion for summary judgment are DENIED.

       Further, for the reasons stated, IT IS HEREBY RECOMMENDED as follows:

    1.   Plaintiff's motions for injunctive relief be DENIED;

    2.   Plaintiff's motion for appropriate sanctions to be imposed against Defendants and/or

       Defendants' counsel, filed on January 2, 2013, be DENIED;

    3.   Defendants' motion for summary judgment, filed on September 25, 2012, be

       GRANTED; and

    4.   Judgment be GRANTED in favor of Defendants and against Plaintiff.

       These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

**thirty (30) days** after being served with these Findings and Recommendations, the parties may

file written objections with the court.  The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 12, 2013**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE