# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | ) 1:08-cv-01779-AWI-BAM (PC) |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| | ) OBJECTIONS TO MAGISTRATE JUDGE'S |
| | ) NONDISPOSITIVE PRETRIAL ORDER |
| v. | ) DENYING PLAINTIFF'S MOTION FOR A |
| | ) FIRST ENLARGEMENT OF TIME TO |
| | ) COMPLETE AND FILE OPPOSITION TO |
| MATTHEW CATE, et al., | ) DEFENDANTS' MOTION FOR SUMMARY |
| | ) JUDGMENT (ECF No. 151) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

### I.     Introduction

Plaintiff Eric Charles Rodney Knapp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's third amended complaint, filed September 29, 2010, against Defendants Koenig, Pate, Otto, Backlund, Robertson, Clay, Gibb, Hannah, Semsen, Lyons, and Esquer for deliberate indifference to Plaintiff's need for single cell status in violation of the Eighth Amendment.

Currently before the Court are Plaintiff's objections to the Magistrate Judge's August 12, 2013 order denying Plaintiff's motion for a first enlargement of time to complete and file his opposition to Defendants' motion for summary judgment.  (ECF No. 151.)

1

## II.        Procedural Background

2          On September 25, 2012, Defendants filed a motion for summary judgment based on

3   evidence that Plaintiff was not taken off single cell status between July 31, 2008, and November

4   16, 2008.  (ECF No. 128.)  Defendants also filed a motion for a protective order from discovery

5   requests propounded by Plaintiff pending the outcome of the summary judgment motion.

6   Defendants argued that there was no reason for further discovery because the entire case could

7   be resolved by their motion for summary judgment.  (ECF No. 129.)

8          On September 26, 2012, the Court stayed discovery and required Plaintiff to file either

9   (1) an opposition to the motion for summary judgment; or (2) a motion to stay the motion for

10  summary judgment pursuant to Federal Rule of Civil Procedure 56(d).  (ECF No. 130.)

11         On October 18, 2012, Plaintiff filed a motion to stay the summary judgment motion,

12  which the Court denied.  (ECF Nos. 132, 135.)  On November 8, 2012, Plaintiff filed a motion to

13  vacate the Court's order denying the stay.  (ECF No. 138.)  On November 27, 2012, the Court

14  denied Plaintiff's motion to vacate and ordered Plaintiff to file a response to Defendants' motion

15  for summary judgment within thirty days.  (ECF No. 139.)

16         On November 29, 2012, Plaintiff filed a motion to continue the summary judgment

17  motion.  (ECF No. 140.)  The Court denied the motion to continue on November 30, 2012, and

18  ordered Plaintiff to file an opposition to the motion for summary judgment within thirty days.

19  (ECF No. 141.)

20         On December 10, 2012, Plaintiff filed objections to the Court's denial of his motion to

21  continue summary judgment.  (ECF No. 142.)  On January 14, 2013, the Court denied Plaintiff's

22  objections.  The Court also ordered Plaintiff to file an opposition or statement of non-opposition

23  to Defendants' motion for summary judgment within forty-five days.  In so doing, the Court

24  advised Plaintiff that no further extensions of time to file an opposition to Defendants' motion

25  for summary judgment would be granted.  The Court also warned Plaintiff that if he failed to file

26  a response in compliance with the Court's order, the action may be dismissed for failure to

27  comply with a court order.  (ECF No. 144.)

28

On March 4, 2013, Plaintiff filed a request for an extension of time to file an opposition to Defendants' motion for summary judgment, along with a request that the Court order the California Department of Corrections and Rehabilitation and the Warden of Sierra Conservation Center to ensure that Plaintiff is not further impaired in his ability to comply with the Court's orders.  (ECF No. 147.)

On March 29, 2013, Plaintiff filed a renewed request for an extension of time to file an opposition to the motion for summary judgment, and a renewed request for an injunction.  (ECF No. 148.)

On April 25, 2013, Plaintiff filed a motion requesting a ruling on his motion for an extension of time and request for an injunction.  (ECF No. 149.)

On August 12, 2013, the Magistrate Judge issued an order denying Plaintiff's motions for an extension of time to file his opposition to Defendants' motion for summary judgment.  The Magistrate Judge also issued Findings and Recommendations that Plaintiff's motions for injunctive relief be denied and that Defendants' motion for summary judgment be granted.  (ECF No. 150.)

On August 30, 2013, Plaintiff filed objections to the Magistrate Judge's nondispositive pretrial order denying his motion for a first enlargement of time to file an opposition to Defendants' motion for summary judgment.  (ECF No. 151.)

**III.    Discussion**

Plaintiff objects to the order denying his request for an extension of time to file an opposition to the motion for summary judgment on the grounds that it is clearly erroneous, contrary to law, manifestly unjust, an abuse of judicial discretion and not in accord with the policies, principles, purposes and goals of civil litigation.  (ECF No. 151, p. 1.)

The Magistrate Judge's decision on nondispositive pretrial issues is reviewed under the clearly erroneous standard.  Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991); see also Fed. R. Civ. P. 72(a) ("The district judge in the case must . . . set aside any part of the order that is clearly erroneous or contrary to law.")  It is within the court's discretion to determine whether to grant an extension of time.  See Ahanchian v. Xenon Pictures, Inc., 624

1  F.3d 1253, 1258 (9th Cir.2012) (district court's denial of an extension of time is reviewed for

2  abuse of discretion).

3      Plaintiff raises thirty (30) separately numbered objections to the Magistrate Judge's order

4  denying his request for an extension of time to file an opposition to Defendants' motion for

5  summary judgment.  The Court limits its review and discussion to those objections that relate

6  directly to the Magistrate Judge's finding that Plaintiff failed to demonstrate good cause for the

7  requested extension of time pursuant to Federal Rule of Civil Procedure 6(b).

8      Plaintiff first argues that the Magistrate Judge wrongly combined the order denying his

9  motion and the findings and recommendations concerning other matters into a single document

10  in violation of Federal Rule of Civil Procedure 58.  (ECF No. 151, pp. 1-2.)  The Magistrate

11  Judge did not err by combining the order denying his motion for an extension of time in the same

12  document with the findings and recommendations.  Rule 58 pertains to the entry of judgment,

13  not the issuance of pretrial orders or findings and recommendations.  Fed. R. Civ. P. 58 ("Every

14  judgment . . . must be set out in a separate document . . . .).

15      Plaintiff next argues that the Magistrate Judge unfairly took more than five months to act

16  on Plaintiff's motion despite previously acting immediately on motions brought by Defendants.

17  (ECF No. 151, p. 2.) The Magistrate Judge did not err simply by delaying resolution of the

18  motion.  The Eastern District of California maintains the heaviest caseload in the nation, which

19  may result in some delay in individual matters.  Furthermore, as the Magistrate Judge denied

20  Plaintiff's requested extension, Plaintiff did not suffer any prejudice from the delay.

21      Plaintiff next contends that the Magistrate Judge unfairly denied Plaintiff's motion

22  despite the fact that Defendants offered no opposition to the motion.  (ECF No. 3.)  That

23  Defendants did not file an opposition did not relieve the Magistrate Judge from the obligation to

24  consider the underlying merits of Plaintiff's request for an extension of time.  Accordingly, the

25  lack of opposition alone does not demonstrate error on the part of the Magistrate Judge.

26      Plaintiff next argues that the Magistrate Judge's order failed to mention that Plaintiff filed

27  a motion for sanctions, including striking the motion for summary judgment, which was pending

28  at the time the Court issued its forty-five day deadline to file an opposition.  (ECF No. 151, p. 4.)

The pending motion was of no moment because the Court ordered Plaintiff to file an opposition to Defendants' motion for summary judgment.  The Court also expressly warned Plaintiff that no further extensions of time to file an opposition to Defendants' motion for summary judgment would be granted and also warned Plaintiff that his failure to file a response might result in dismissal of this action.  (ECF 144, p. 3.)

Plaintiff also argues that the Magistrate Judge erroneously stated that "Plaintiff explained that for a month after receiving the Court's order he was impaired from working on his opposition due to 'prior and more pressing legal obligations,'" but failed to address or otherwise acknowledge the validity of those obligations.  (ECF No. 151, p. 4.)  Plaintiff is incorrect.  The Magistrate Judge expressly considered whether "other matters provide[d] good cause to extend the deadline," but concluded that they did not.  (ECF No. 150, p. 4.)  The Magistrate Judge correctly noted that Plaintiff's motion and exhibits suggested that Plaintiff had been assisting other inmates rather than focusing on this action, and was not persuaded that Plaintiff was unable to complete his opposition because of any other matters.  (ECF No. 150, p. 4.)

Plaintiff further contends that the Magistrate Judge erroneously stated that Plaintiff had been provided multiple opportunities to file his opposition.  Plaintiff argues that he had not been provided any opportunity to file his opposition until the Court issued its forty-five day order on January 14, 2013.  (ECF No. 151, p. 4.)  Plaintiff is incorrect.  Defendants filed their motion for summary judgment on September 25, 2012.  (ECF No. 128.)  Beginning on September 26, 2012, the Court expressly addressed the pending motion for summary judgment and permitted Plaintiff an opportunity to file his opposition.  (ECF No. 130.)  On at least three separate dates thereafter, between November 27, 2012, and January 14, 2013, the Court directed Plaintiff to file his opposition to the motion for summary judgment.  (ECF Nos. 139, 141, 144.)  The Magistrate Judge did not err in the determination that Plaintiff had been provided multiple opportunities to file his opposition to the motion for summary judgment.

Plaintiff next argues that the Magistrate Judge erroneously stated that rather than filing an opposition to the motion for summary judgment, Plaintiff chose to file at least nine other motions.  Plaintiff asserts that he filed only three other motions in lieu of an opposition to the

motion for summary judgment and that none of the other motions that he filed between

September 24, 2012, and January 14, 2013, were "instead of" the opposition he might have filed.

(ECF No. 151, p. 5.)  Based on the record before this Court, Plaintiff filed at least nine different

motions, one of which was characterized as "objections," following the filing of Defendants'

motion for summary judgment.  (ECF Nos. 132, 137, 138, 140, 142, 143, 147- 148, 149.)  Even

excluding Plaintiff's motions requesting an extension of time or a ruling on the requested

extension, Plaintiff filed at least six other motions prior to January 14, 2013, instead of filing an

opposition to the motion for summary judgment.  The Magistrate Judge did not err in considering

Plaintiff's other filings in this matter or in finding that Plaintiff's multiple filings evidenced

attempts to forestall resolution of the summary judgment motion.

Plaintiff also argues that the Magistrate Judge erred in finding that Plaintiff's physical or

mental impairments or other matters did not provide good cause to extend the deadline.   Plaintiff

contends that Magistrate Judge erroneously found that Plaintiff's motion for an extension of time

belied his assertion that his physical, mental, and emotional issues or other matters prevented

him from completing his opposition.  (ECF No. 151, p. 5.)  Plaintiff believes that the Magistrate

Judge unfairly cast aspersions on his veracity and that the Magistrate Judge should have held an

evidentiary hearing or sought more information concerning the facts and evidence presented by

Plaintiff's motion.  Plaintiff cites Ahanchian, 624 F.3d at 1259-60, for the proposition that it is an

abuse of discretion to deny a plaintiff's motion for enlargement of time to oppose a summary

judgment motion where the record is devoid of any indication the plaintiff acted in bad faith or

that an extension of time would prejudice the defendants, or where the district court has doubts

about the veracity or good faith of the plaintiff but summarily denies the plaintiff's motion

without holding an evidentiary hearing or seeking more information.  Insofar as Plaintiff relies

on Ahanchian to suggest that the Magistrate Judge was required to conduct an evidentiary

hearing or seek additional information, his reliance is misplaced.  In Ahanchian, the record was

devoid of any indication that plaintiff's counsel acted in bad faith and, thus, the appellate court

suggested that the district court could have held an evidentiary hearing or sought more

information before summarily denying the request for an extension of time.  Id. at 1260.  Here,

however, the Magistrate Judge did not summarily deny Plaintiff's request for an extension of time.  Rather, the Magistrate Judge considered the procedural history of this action, which suggested a dilatory motive for the extension, and also relied on record evidence that controverted Plaintiff's bases for requesting an extension of time.

Plaintiff next argues that the Magistrate Judge's statement that Plaintiff's motion for an enlargement of time "contradicts his arguments concerning his ability to prepare an opposition," wrongly presumes that Plaintiff "should not be capable of preparing such a simple, fact-based motion in two days if events and circumstances beyond his control had so substantially hindered and impaired his ability to complete a factually, legally, technically, procedurally, and otherwise complex opposition to a summary judgment motion within the previous 40 days."  (ECF No. 151, pp. 5-6.)  Plaintiff's argument is unclear.  To the extent that Plaintiff appears to suggest that the Magistrate Judge wrongly assumed that preparing a motion for enlargement of time was equivalent to preparing an opposition to the motion for summary judgment, his suggestion lacks merit.  The Magistrate Judge did not equate the motion for an extension with the opposition to summary judgment.  Rather, the Magistrate Judge considered the extensive nature of Plaintiff's request for an enlargement of time as evidence that Plaintiff's physical, mental or other issues did not prevent him from completing other briefing in this case that included research, typing, argument and exhibits.  (ECF No. 150, p. 4.)  The Magistrate Judge did not err by taking into consideration Plaintiff's demonstrated capabilities.

Plaintiff next contends that the Magistrate Judge wrongly denied his motion because Plaintiff had been assisting other inmates rather than focusing on the resolution of this action.  (ECF No. 151, p. 6.)  Plaintiff has not demonstrated that the Magistrate Judge committed clear error by considering evidence, presented by Plaintiff himself, that he was assisting other inmates.  The Magistrate Judge made a reasonable inference based on the record and noted that deadlines in other court cases did not establish good cause to grant an extension. Cf. Polk v. Pittman, 2012 WL 5208648, at *1 (E. D. Cal. Oct. 22, 2012) (finding fact that plaintiff had deadlines in other court cases did not establish good cause to grant a further extension).

1        Plaintiff also argues that Magistrate Judge erred by finding that the order providing

2    Plaintiff with forty-five days to file his opposition was more than sufficient to address the sole

3    issue presented in the summary judgment motion.  (ECF No. 151, pp. 6-7.)  Plaintiff has not

4    demonstrated that the Magistrate Judge committed clear error.  Pursuant to Local Rule 230(l), a

5    prisoner has twenty-one days after the date of service to oppose a motion for summary judgment.

6    Thus, the Magistrate Judge reasonably inferred that the order granting Plaintiff forty-five days

7    was more than sufficient to prepare an opposition addressing a single, fact-based issue.

8        **IV.   Conclusion and Order**

9        For the reasons stated, the Court finds that the Magistrate Judge did not clearly err in

10   denying Plaintiff's motion for an enlargement of time to file his opposition to Defendants'

11   motion for summary judgment.  Plaintiff's objections to the Magistrate Judge's nondispositive

12   pretrial order denying Plaintiff's motion for a first enlargement of time to complete and file

13   opposition to Defendants' motion for summary judgment are HEREBY DENIED.

14

15

16   IT IS SO ORDERED.

17   Dated:    September 27, 2013                      

18                   SENIOR  DISTRICT  JUDGE

19

20

21

22

23

24

25

26

27

28